E-FILED
Tuesday, 06 September, 2022 01:23:00 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ANGELA BETANCOURT,

      Plaintiff,

v.

RIVIAN AUTOMOTIVE, LLC,

      Defendant.

Case No. 22-cv-1299

**Jury Trial Demanded**

## <u>COMPLAINT</u>

Plaintiff, Angela Betancourt ("Betancourt" or "Plaintiff"), by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint against Rivian Automotive, LLC ("Rivian" or "Defendant"), states as follows:

### NATURE OF ACTION

1.    Plaintiff brings this lawsuit under the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/2-101, *et seq.* ("IHRA") for sexual harassment and hostile work environment.

2.    After the Equal Employment Opportunity Commission ("EEOC") issues a Right to Sue letter, this action will be amended to reflect that the events and conduct giving rise to this action also violate Title VII of the Civil Rights Act of 1964 ("Title VII").

### JURISDICTION AND VENUE

3.    On June 2, 2022, Plaintiff cross-filed a charge of sexual harassment and hostile work environment with the Illinois Department of Human Rights ("IDHR") and EEOC.

4.    On June 17, 2022, Plaintiff requested to opt out of the investigation of her charge with the IDHR and EEOC.

5.    On June 28, 2022, the IDHR issued a Notice of opt out of the investigative and administrative process and right to commence a civil action. **Ex. A**.

6.      Plaintiff filed the instant action within the 90-day right to sue period.

7.      Plaintiff has therefore exhausted her administrative remedies and has complied
with all conditions in maintaining this action.

8.      Plaintiff is a citizen of Bloomington, Illinois. At all relevant times, Defendant
maintained a principal place of business in Irvine, California. Accordingly, this Court has
jurisdiction of this action under 28 U.S.C. § 1332 (diversity jurisdiction).

9.      The unlawful employment practices described herein were committed at
Defendant's facility located at 100 N. Rivian Motorway, Normal, McLean County, Illinois
61761.  Accordingly, venue in the Central District of Illinois is proper pursuant to 28 U.S.C. §
1391(b).

## PARTIES

10.     Plaintiff, Angela Betancourt, resides in Bloomington, Illinois, and was employed
by Defendant as a Battery Team Member from on or about December 6, 2021 through on or
about June 1, 2022.

11.     During the statutory period, Betancourt was an "employee" as defined by the
IHRA.

12.     Defendant Rivian is headquartered in Irvine, California and is an American
electric vehicle automaker and automotive technology company.

13.     Defendant is an "employer" as defined in the IHRA.

## FACTUAL ALLEGATIONS

14.     Plaintiff is a female.

15.     Plaintiff worked for Defendant as a Battery Team Member from on or about
December 6, 2021 through on or about June 1, 2022.

16.     Plaintiff worked at Defendant's facility located at 100 N. Rivian Motorway, Normal, Illinois 61761.

17.     Defendant's facility in Normal, Illinois consists of a majority male workforce.

18.     Throughout Plaintiff's employment with Rivian, she consistently performed her job satisfactorily and met Defendant's work performance expectations.

19.     Throughout Plaintiff's employment with Defendant, she was regularly subjected to unwanted sexual advances by several of her male coworkers, including, but not limited to, Danny (LNU), Francisco Bustamante, Mark (LNU), Keegan (LNU), and an engineer for Defendant (name unknown).

20.     Plaintiff was regularly subjected to offensive and derogatory comments by her male coworkers, such as being asked where she liked to have sex, her favorite sexual positions, and being told that a male coworker was making bets that he could have sex with her.

21.     Plaintiff was regularly subjected to unwanted sexual advances by her male coworkers, such as pinching her sides, breathing down her neck, and showing her inappropriate pictures and videos on their phone.

22.     Plaintiff regularly used Paid Safe and Sick Leave ("PSSL") as a means of coping with the sexual harassment she was experiencing at work and avoiding further sexual harassment from her coworkers.

23.     Several of Plaintiff's Team Leads, as well as Human Resource ("HR") representatives, were aware that Plaintiff was using PSSL for this purpose.

24.     On or around April 13, 2022, one of Defendant's engineers (name unknown), walked up to Plaintiff and grabbed her work badge that was attached to the front of her waist, and proceeded to grope Plaintiff.

25.     Plaintiff's coworkers, Eddie (LNU), Will (LNU), and Maggie (LNU), witnessed this occur.

26.     Plaintiff immediately reported the incident to one of the Group Leads, West (LNU).

27.     After reporting the incident to West, Plaintiff immediately left work early and sent a slack message to one of her Team Leads, Tyler Jeffrey, stating that she had left work early and that West could explain what happened.

28.     The next day, on or around April 14, 2022, Tyler Jeffrey moved Plaintiff to another work station; however, Plaintiff continued to encounter the engineer that assaulted her.

29.     For instance, he would unnecessarily walk up to Plaintiff's work station, talk to other coworkers around her, and make incessant eye contact with her.

30.     On April 15, 2022, Plaintiff filed a police report about the engineer sexually assaulting her at work.

31.     That same day, Moll messaged Plaintiff via slack stating "I have escalated this to our investigations team who will be going through their process now. *I know it may be difficult, but please do your best to report to work. Tyler said you are low on PSSL hours.*"

32.     From April 14 through 20, 2022, Plaintiff continued to encounter the engineer that assaulted her at work.

33.     Plaintiff stopped going into work after April 20, 2022.

34.     Throughout her employment with Defendant, Plaintiff consistently reported the sexual harassment she experienced to several of her Team Leads, including, but not limited to, Jonathan Gladd, Stephen Moll, West (LNU), and Tyler Jeffrey.

35.    Plaintiff also reported the sexual harassment she experienced to several members of management, including, but not limited to, Sean (LNU) and Brandon (LNU).

36.    Plaintiff also reported the sexual harassment she experienced to several HR representatives, including, but not limited to, Kathy Schell and Mike Kulungowski.

37.    Additionally, throughout Plaintiff's employment with Defendant, she consistently communicated with one of Defendant's Wellness Program Specialists, Marisa Burton, via slack and provided her regular and detailed updates about the sexual harassment she was experiencing, as well as Defendant's failure to take appropriate corrective action.

38.    Plaintiff's working conditions were so intolerable that she did not return to work after April 20, 2022.

39.    Plaintiff has experienced emotional distress and anxiety as a result of the severe and pervasive sexual harassment she was subjected to while employed by Defendant.

40.    Despite being on notice of pervasive problems of sexual harassment, Defendant failed to address such unlawful harassment and the company culture that enables it.

41.    Defendant Rivian did little to monitor serial harassers, permitting management to simply move harassers or Plaintiff around to various work stations, allowing the male harassers to continue harassing Plaintiff and other female employees.

### COUNT I – VIOLATION OF ILLINOIS HUMAN RIGHTS ACT
### (Sex Discrimination – Sex Harassment and Hostile Work Environment)

42.    Plaintiff restates and incorporates the above paragraphs as though fully set forth herein.

43.    The IHRA makes it a civil rights violation for any employer, employee, or agent of any employer to engage in sexual harassment of its employees. 775 ILCS 5/2-102(D).

44.     "Sexual harassment" is defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. 775 ILCS 5/2-101(E).

45.     Plaintiff was sexually harassed by several of her male coworkers under the IHRA.

46.     An employer is responsible for sexual harassment of its employees by nonmanagerial and nonsupervisory employees if it becomes aware of the conduct and fails to take reasonable corrective measures. 775 ILCS 5/2-102(D).

47.     Defendant was aware that Plaintiff was subjected to sexual harassment and failed to take reasonable corrective measures, thus violating the IHRA.

48.     Plaintiff was constructively discharged by Defendant.

49.     As a direct and proximate result of Defendant's violations identified herein, Plaintiff has suffered damages including, but not limited to, lost wages, benefits, front pay, and emotional distress.

WHEREFORE, Plaintiff Angela Betancourt, respectfully requests that this Court enter an order as follows:

a)      Awarding injunctive and other equitable relief;

b)      Awarding compensatory and all other damages allowed under the IHRA;

c)      Awarding attorneys' fees and costs;

d)      Awarding pre- and post-judgment interest, to the extent allowable by the law; and

e)      Any further relief that is deemed just and equitable.

Dated: September 6, 2022

Respectfully submitted,

Alejandro Caffarelli, #06239078
Katherine E. Stryker, #6333420
Caffarelli & Associates Ltd.
224 S. Michigan Ave, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*kstryker@caffarelli.com*

ANGELA BETANCOURT,


By: /s/ Alejandro Caffarelli
    Attorney for Plaintiff