IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANGELA BETANCOURT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:22-cv-01299-JES-JEH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT RIVIAN
AUTOMOTIVE, LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS**

Plaintiff Angela Betancourt, ("Ms. Betancourt" or "Plaintiff"), by her counsel, hereby opposes Defendant Rivian Automotive LLC's ("Rivian" or "Defendant") Motion to Compel Arbitration and Dismiss (Dkt. No. 13) (the "Motion") and, for the reasons set forth herein, respectfully requests that the Court deny Rivian's motion in its entirety.

**INTRODUCTION**

Despite the litany of arguments Rivian asserts in its effort to upend this case, the Complaint's well-pleaded allegations, coupled with the plain language of the applicable statute and well-established law, mandates the Court's denial of Rivian's motion. Ms. Betancourt experienced continuous sexual harassment and a hostile work environment at Rivian from December 2021 to April 13, 2022. The last day Plaintiff reported for work was on April 20, 2022. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act[1] (the "Act") was signed into law on March 3, 2022. The Act makes pre-dispute arbitration agreements and pre-

---

[1] Codified at 9 U.S.C. §§ 401, 402.

dispute joint action waivers invalid and unenforceable against sexual assault and harassment claims that arose or accrued after its enactment. Plaintiff Betancourt's claims of sexual assault and harassment accrued on April 20, 2022. Under the Act, the arbitration agreement between Ms. Betancourt and Rivian is invalid and unenforceable, requiring the denial of Rivian's Motion.

## ARGUMENT

I.  **The Act Invalidates Arbitration Agreements For Victims of Sexual Assault and Harassment Such As Plaintiff.**

The entirety of Rivian's Motion is based upon its argument that the Court should compel arbitration in this case because the Federal Arbitration Act ("FAA") created a "strong public policy in favor of arbitration."[2] Rivian's argument, however, ignores the Act's driving principle, which invalidates mandatory arbitration agreements for sexual assault and harassment victims such as Ms. Betancourt. Indeed, the Act's intent is to *not* have sexual assault and harassment victims bound by the "shameful practice of forced arbitration."[3] The Act's goal is to "fix a broken system that protects perpetrators and corporations and end the days of silencing survivors."[4]

The Act's intent is to prevent employers—like Rivian—from forcing sexual assault victims—like Ms. Betancourt—to adjudicate their sexual assault claims under the opaque cover of confidential arbitration, mandating, instead, that such adjudication should occur before a judicial forum, in the light of day, for all to see.[5] Congress recognized that "forced arbitration clauses have become virtually ubiquitous" that have "buried in fine print" forced arbitration clauses that "lack

---

[2] Doc. 14 at 4.

[3] *Bipartisan Bill Ending Forced Arbitration of Harassment and Assault Cases Enacted*, 38 Term. of Employment Bulletin NL 1 (March 2022).

[4] *Id*.

[5] H.R. Rep. No. 117-234 at 3 (2022).

transparency and precedential guidance of the justice system."[6]  Additionally the "secretive nature of arbitration prevents victims from sharing their story" and because "fairness and equity" are not guaranteed, offices are able to ignore harassment and retaliate against victims.[7]

The Act applies to a person alleging sexual harassment and assault conduct, like Ms. Betancourt, whose claims accrue after March 3, 2022.  The Act nullifies arbitration agreements and any waiver that "would prohibit or waive the right of one of parties to the agreement to participate in a joint, class or collective action in a judicial, arbitral, administrative, or other forum."[8]  Because Plaintiff's claims are precisely those which the Act protects from forced: (a) arbitration agreements; (b) class action waivers; and (c) jury trial waivers, the Court must deny Rivian's Motion and allow Plaintiff's claims to proceed.

II. **Plaintiff's Claims Continued to Accrue Throughout Her Employment at Rivian and After the Act's Enactment, Thus Rendering Any Pre-Dispute Arbitration Agreement Invalid and Unenforceable.**

Rivian's argument that Ms. Betancourt's claims accrued prior to the enactment of the Act is an incorrect assessment of established law.  Based on its misunderstanding of the legal doctrine of continuing violations regarding a hostile work environment claim, Rivian incorrectly argues that Ms. Betancourt is required to arbitrate her claims, because, Rivian argues, all of her claims somehow accrued *before they even occurred*.[9]  Rivian, unsurprisingly, does not cite to any authority supporting this argument.

Rivian argues that *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, (2002) does not support Plaintiff's position here because *Morgan* deals with a statute of limitations issue, rather

---

[6] *Id*.

[7] *Id*. at 4.

[8] 9 U.S.C. § 401(2)

[9] Doc. 14 at 9; *see also* Doc. 7 at ¶¶ 30-44.

than a claims accrual issue.[10] That attempted distinction is unavailing. Indeed, *Morgan* explained employment discrimination in the context of the continuing violation doctrine. In *Morgan*, the Supreme Court explained the continuing violation doctrine as precluding "recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," but permitting "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Morgan*, 536 U.S. at 105.

Rivian concedes that Plaintiff's hostile work environment claim constitutes a continuing violation due to the continuous instances of sexual harassment. *See* Doc. 14 at 11-12 (citing *Ford v. Marion County Sheriff's Office*, 942 F.3d 839, 852-3 (7th Cir. 2019)). Plaintiff agrees with Rivian that the hostile workplace she suffered from December 2021 until April 20, 2022, constitutes a continuous violation of her rights. *See generally* Doc. 7. When the continuing violations doctrine applies, the incidents are lumped together, and "the cause of action accrues at...the date of the last injury." *Laslie v. Cicero*, No. 20-CV-1831, 2021 WL 1853250, at *8 (N.D. Ill. May 10, 2021) (quoting *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001) (*see also Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1237 (10th Cir. 2001)). The continuing violations doctrine is an accrual doctrine, not a tolling doctrine. *Id*. (citing *Heard*, 253 F.3d at 319) ("But the usual and it seems to us the correct characterization of the doctrine of continuing violation is that it is a doctrine governing accrual, not a tolling doctrine, because we don't *want* the plaintiff to sue before the violation is complete.") (emphasis in original) (citation omitted)).

---

[10] Doc. 14 at 10.

Thus, the clear law in the Seventh Circuit is that a continuing violation—such as the hostile work environment Ms. Betancourt suffered here—accrues on the last date of injury.  Here, Ms. Betancourt alleges that she was groped on April 13, 2022. Doc. 7 at ¶ 30.  Ms. Betancourt alleges that despite reporting the incident, she continued to encounter her assailant from April 14, 2022, through April 20, 2022, at which point she felt she had no choice but to no longer return to work due to these intolerable working conditions. *Id*. at ¶¶ 32-44.  Ms. Betancourt's last day of employment at Rivian was on April 20, 2022. *Id.* at ¶ 39.  Based on clearly established Seventh Circuit precedent, Ms. Betancourt's claim did not accrue until the last of her continued violations, whether that be April 13, 2022 (when she was physically assaulted) or April 20, 2022 (the date of her constructive discharge).  In either situation, Ms. Betancourt's claim did not accrue until after the Act's enactment on March 3, 2022 and, as such, the arbitration clause contained in her Rivian employment agreement is unenforceable and invalid under the Act.  Rivian's Motion must be denied.

### III. Rivian's Arguments for Dismissal Fail Because the Arbitration Agreement Is Not Enforceable.

Rivian's argument that Plaintiff's claims (including her class claims) and jury demand be dismissed for the reasons set forth above.  Rivian has failed to provide the Court with any legal grounds to dismiss Plaintiff's claims or jury demand.  Rivian does not seek a Rule 12 dismissal, but, rather, relies solely on the enforceability of the arbitration agreement to support their argument.  For the same reasons that Rivian's argument to compel arbitration fails, so does Rivian's entire dismissal argument.

The Act plainly exempts arbitration agreements, class action waivers, and jury waivers for sexual harassment and abuse claims.[11] Regardless of whether the contract is unconscionable, the class and jury trial waivers in the agreement directly contradicts the Act and are unenforceable. Additionally, the Act gives sexual assault victims, like Ms. Betancourt, the right to pursue their cases in a court of law and denying Ms. Betancourt her day in court would violate the purpose and policy behind the Act's enactment.

Rivian's argument for dismissal is not based on any legal authority.  Moreover, nowhere in Rivian's opposition brief, does it cite a single case where a court dismissed an action with prejudice.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Compel Arbitration and Dismiss in its entirety.

Dated:  December 21, 2022

                                                  Respectfully submitted,

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Francisco Fernandez del Castillo
**CAFFARELLI & ASSOCIATES LTD.**
224 South Michigan Avenue, Suite 300
Chicago, Illinois  60604
Tel:  312-763-6880
acaffarelli@caffarelli.com
ffernandez@caffarelli.com

Diandra "Fu" Debrosse Zimmermann*
**DiCELLO LEVITT LLC**
505 20th Street North, 15th Floor
Birmingham, Alabama  35203
Tel:  205-740-9555
fu@dicellolevitt.com

---

[11] 9 U.S.C. § 402(a) ("no….[class action waiver] shall be valid or enforceable with respect to a case which is filed under Federal, tribal, or State law and relates to the…sexual harassment dispute.")

Adam J. Levitt
**DiCELLO LEVITT LLC**
10 North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel:  312-214-7900
alevitt@dicellolevitt.com

Elizabeth Paige White*
Éviealle J. Dawkins*
**DiCELLO LEVITT LLC**
1101 17th Street NW, Suite 1000
Washington, DC  20036
Tel:  202-975-2288
pwhite@dicellolevitt.com
edawkins@dicellolevitt.com

***Counsel for Plaintiff***

*\*Pro hac vice* applications forthcoming