## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ANGELA BETANCOURT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-01299-JES-JEH |
| RIVIAN AUTOMOTIVE, LLC, | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE ITS REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS

Defendant Rivian Automotive, LLC respectfully requests that this Honorable Court grant leave for Defendant to file its Reply in Support of Defendant's Motion to Compel Arbitration and Dismiss, *instanter*. In support of this motion, Defendant states as follows:

1. On November 8, 2022, Defendant filed its Motion to Compel Arbitration and Dismiss ("Motion"). ECF No. 14.

2. On December 21, 2022, Plaintiff filed her Opposition to Defendant's Motion. ECF No. 19.

3. Local Rule 7.1(B)(3) provides that "[n]o reply to the response is permitted without leave of Court."

4. Given the nature of Defendant's Motion[1] and Plaintiff's misunderstanding of claims accrual, Defendant seeks leave to file a reply to clarify the straight-forward claims accrual doctrine and to explain why Plaintiff's reliance on a limited exception to the claims accrual doctrine is inapplicable to her claim.

5. Specifically, Plaintiff argues that her sexual harassment claim did not accrue

---

[1] A motion to compel arbitration is akin to a motion for summary judgment. *See e.g., Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002).

90742492v.2

until April 2022, and that therefore, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") invalidates her arbitration agreement. In making this argument, Plaintiff relies solely on case law that governs a narrow exception to the claims accrual doctrine, whereby accrual of a claim is delayed so that time-barred claims remain actionable for purposes of the statute of limitations. This case law has no application to Plaintiff's claim because none of Plaintiff's allegations in support of her sexual harassment claim is time-barred.

6. Rather, pursuant to well settled law regarding claims accrual, Plaintiff's sexual harassment claim accrued in February 2022 when she alleges that the harassment was so severe she repeatedly complained and began to use paid safe and sick leave as a means of coping with and avoiding the alleged sexual harassment.

7. The date Plaintiff's claim accrued is dispositive of Defendant's Motion.

8. The EFAA precludes arbitration of harassment claims that accrued *on or after* March 3, 2022, and the EFAA is explicitly not retroactive. Because Plaintiff's sexual harassment claim accrued *before* March 3, 2022, the EFAA does not preclude arbitration of her claim, and her arbitration agreement is enforceable. Accordingly, this Court must compel arbitration of Plaintiff's claim.

9. On November 16, 2022, Defendant's counsel and Plaintiff's counsel discussed Defendant's intent to file a motion for leave to file a reply in support of Defendant's Motion. Plaintiff's counsel stated that he did not oppose Defendant's intended motion for leave to file a reply.

10. Accordingly, Defendant respectfully requests that the Court grant it leave to file a Reply in Support of its Motion to Compel Arbitration and Dismiss.

3

11. Pursuant to Local Rule 7.1(F), a proposed copy of Defendant Rivian Automotive, LLC's Reply in Support of its Motion to Compel Arbitration and Dismiss is attached as Exhibit 1.

12. This motion is not being sought for purposes of delay and will not prejudice any of the parties to this action.

WHEREFORE, Defendant Rivian Automotive, LLC respectfully requests that this Honorable Court grant Defendant's Unopposed Motion for Leave to File a Reply in Support of its Motion to Compel Arbitration and Dismiss and enter an order granting leave for Defendant to file its Reply in Support Defendant's Motion to Compel Arbitration and Dismiss, *instanter*.

**DATED: December 29, 2022**                  Respectfully submitted,

RIVIAN AUTOMOTIVE, LLC,


By: */s/ Sharilee K. Smentek*

Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
          ssmentek@seyfarth.com

*Attorneys for Defendant Rivian Automotive, LLC*

90742492v.2

## **CERTIFICATE OF SERVICE**

I, Sharilee K. Smentek, an attorney, certify that on December 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

*/s/ Sharilee K. Smentek*

90742492v.2