E-FILED
Thursday, 29 December, 2022  12:27:38 PM
Clerk, U.S. District Court, ILCD

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| ANGELA BETANCOURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-01299-JES-JEH |
| v. | ) |
| | ) |
| RIVIAN AUTOMOTIVE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT RIVIAN AUTOMOTIVE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS**

## **INTRODUCTION**

Plaintiff voluntarily executed an enforceable Arbitration Agreement. She does not dispute this. Instead, she argues that her harassment claim against Rivian accrued after The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") went into effect, and so the EFAA invalidates her Arbitration Agreement. Plaintiff's Opposition to Defendant Rivian Automotive, LLC's Motion to Compel Arbitration and Dismiss ("Resp.") at pp. 1-2.[1] In doing so, she asks this Court to turn the straight-forward doctrine of claims accrual on its head in order to apply the EFAA retroactively to her claim. However, the EFAA *explicitly* prohibits retroactive application of the statute, and courts have unanimously held that the EFAA does not apply to claims that accrued before the statute's effective date of March 3, 2022.

Plaintiff's argument that her claim accrued after March 3, 2022 is misplaced and relies on a narrow exception to claims accrual, which allows plaintiffs to *delay* accrual of claims to the last act of harassment for the sole purpose of permitting plaintiffs to include time-barred acts with other timely claims of harassment. This accrual exception is not applicable here. Plaintiff's claim accrued when she had a cause of action against Rivian, pure and simple. And Plaintiff's own allegations indisputably establish that her claim accrued by February 2022, at the very latest. There is no legal basis for delaying accrual of Plaintiff's claim solely to avoid arbitration and keep the case in this Court. Indeed, this would fly in the face of Congress' prohibition against retroactive application of the EFAA and every court decision on this issue, all of which have held that the EFAA does not apply to claims that accrued before March 3, 2022.

---

[1] Putting aside Plaintiff's unfortunate misunderstanding of claims accrual for a moment, Plaintiff necessarily concedes that if the EFAA does not invalidate her Arbitration Agreement (which it does not), then her Arbitration Agreement is enforceable and her individual sexual harassment claim belongs in arbitration.

90724229v.3

**ARGUMENT**

I. **Plaintiff's Claim Accrued Before March 3, 2022**

The EFAA applies to claims that arose or accrued on or after March 3, 2022, and it is explicitly not retroactive. The gravamen of the parties' dispute, then, lies in when Plaintiff's claim accrued.[2] However, there should be no dispute over this at all because claims accrual is a well settled legal doctrine. A claim accrues "when it comes into existence." *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013) (citations omitted). A sexual harassment claim accrues "when the plaintiff has a complete and present cause of action." *Id.*, 568 U.S. 442, 448 (2013), *quoting Wallace v. Kato,* 549 U.S. 384, 388 (2007); *see also, e.g., Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 201 (1997); *United States v. Midwest Generation, LLC,* 720 F.3d 644, 646 (7th Cir. 2013).

Here, Plaintiff's harassment claim came into existence, and she had a complete and present cause of action, by February 2022. Plaintiff alleges harassment in December 2021, on January 20, 2022, January 27, 2022, February 9, 2022, and February 10, 2022. In the *first paragraph* of her response brief she argues that she "experienced continuous sexual harassment and a hostile work environment at Rivian" beginning in December 2021. Resp. at p. 1. Significantly, Plaintiff alleges that by February 2022, the harassment was so severe that she repeatedly complained and used sick leave to cope with and avoid the alleged sexual harassment. *See* Opening Brief at Ex. A, Declaration of Chris Lasher at ¶¶ 8-9; and Exhibit 2, Charge at ¶¶ 7-9, 12-14, 17-18, 20. Accordingly, Plaintiff's own allegations establish that her claim accrued at the *very latest* in February 2022.

---

[2] Plaintiff concedes, by failing to respond in her brief, that her sexual harassment claim *arose* before March 3, 2022. *See* Defendant Rivian Automotive, LLC's Memorandum of Law in Support of its Motion to Compel Arbitration and Dismiss ("Opening Brief") at pp. 7-9 (ECF No. 14).

90724229v.3

Plaintiff argues that this Court should apply an exception to the claims accrual doctrine to determine when her claim accrued. This exception delays claims accrual to the last act of harassment *in narrow circumstances* to allow plaintiffs to sweep otherwise time-barred claims into a cause of action. There is no support for the application of these legal gymnastics to Plaintiff's claim, which involves no alleged acts occurring outside the statute of limitations. Indeed, every case Plaintiff cites for her premise that claims accrue with the last act of harassment is in the narrow context of allowing time-barred claims to be swept into a cause of action. *See* Response at p. 4, *citing Laslie v. Town of Cicero*, 2021 WL 1853250 (N.D. Ill. May 10, 2021); *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001); *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233 (10th Cir. 2001). These cases are inapplicable here.

For example, in *Heard*, the plaintiff sued the Department of Corrections for denying him medical treatment. 253 F.3d at 317. The district court held that certain of the plaintiff's claims fell outside the statute of limitations. *Id.* The Seventh Circuit disagreed and explained that the plaintiff "can sue as soon as his claim accrues" but for purposes of otherwise time-barred claims, the court may "*delay* the accrual date when, quite independent of the plaintiff's wishes, we want to *delay* his right to bring suit." *Id.* at 319 (emphasis added). In that case, the plaintiff's claims would have accrued with the defendant's earlier alleged actions denying medical treatment; however, the court *delayed* accrual to allow the earlier time-barred actions to form part of the plaintiff's case. Here, there is no doubt that Plaintiff's claim accrued by February 2022 at the latest, and there is no support whatsoever for applying the statute of limitations exception to delay accrual of Plaintiff's claims to April 2022, as none of the alleged actions of which Plaintiff complains is time-barred.[3]

---

[3] Applying a general rule that claims accrue with the last act of harassment is non-sensical, as plaintiffs would never know when the last act of harassment may occur. Plaintiff believes that Rivian's argument in this regard relies on the absurd premise that sexual harassment claims must then "accrue[] before they even occurred." Resp. at p. 3. This is

3

## II. The Continuing Violation Doctrine Also Applies To Time-Barred Claims And Is Inapplicable To This Case

In support of her misguided position regarding claims accrual, Plaintiff incorrectly argues that the continuing violation doctrine applies to this case.[4] In effectuating the exception to claims accrual discussed above, the Seventh Circuit applies the continuing violation doctrine to allow time-barred claims to form part of a plaintiff's case:

> Acts that fall outside the statute of limitations may be joined to an act within the statute only if a reasonable person in the position of the plaintiff would not have known, at the time the untimely acts occurred, that she had a claim; rather, she could *only tell by hindsight* that the untimely acts represented the early stages of harassment. (Citation omitted).

*Garrison v. Burke*, 165 F.3d 565, 569-70 (7th Cir. 1999) (emphasis in original); *see also Heard*, 253 F.3d at 319 ("A violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statute of limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct.").

In *Laslie*, 2021 WL 1853250, a case on which Plaintiff relies, the plaintiff argued that the continuing violation doctrine saved his otherwise time-barred claims from dismissal. 2021 WL 1853250, *11 (N.D. Ill. May 10, 2021). The court noted that the continuing violation theory permits plaintiffs to delay the accrual date, and thereby delay suing "until a series of wrongful acts blossoms into an injury on which suit can be brought." *Id.*, *quoting Limestone Dev. Corp. v. Village*

---

nonsense and again misunderstands the straight-forward doctrine of claims accrual. Plaintiff's claim accrued when her claim came into existence, which by her own allegations, occurred by February 2022, at the latest.

[4] Plaintiff incorrectly claims Rivian conceded that Plaintiff's claim constitutes a continuing violation. Resp. at p. 4. Rivian concedes no such thing and, in fact, never used the term "continuing violation." Instead, Rivian cited *Ford v. Marion County Sheriff's Office*, 942 F.3d 839 (7th Cir. 2019) for the proposition that Plaintiff's sexual harassment allegations were "related" and thus made up one hostile work environment claim against Rivian. *See* Opening Brief at pp. 11-12. Rivian did not concede that the continuing violations doctrine, which allows time-barred claims to be swept into a cause of action, is applicable to this case.

4

*of Lemont*, 520 F.3d 797, 801 (7th Cir. 2008); *see also Stepney v. Naperville Sch. Dist. 203,* 392 F.3d 236, 240 (7th Cir. 2004) ("[D]uration and repetition are necessary to convert merely offensive behavior into an actionable change in the plaintiff's working conditions.").

*Laslie* and the continuing violation doctrine are wholly inapplicable to this case. Plaintiff cites *one single* act of harassment occurring after March 3, 2022 (Resp. at p. 5) and argues that the continuing violation doctrine dictates that her harassment claim did not accrue until this last act. But because there is no statute of limitations issue here, the continuing violation doctrine is inapposite, and there is no reason for the Court to artificially delay accrual of Plaintiff's claims. Moreover, Plaintiff need not point to this single act of alleged harassment in April 2022 to "convert offensive behavior into an actionable change in her working conditions." Plaintiff alleges harassment so severe and pervasive that by February 2022, she took leaves of absence to avoid the harassment. Plaintiff's claim had plainly accrued by that time, and it did not become "unaccrued" by virtue of her April 2022 allegation.

Plaintiff is not arguing that she did not know she had a cause of action until April 2022. Nor is she arguing that she had to wait until April 2022 to know that offensive behavior was actionable harassment. Instead she argues, without any support whatsoever, that harassment allegedly so severe in February 2022 that she had to take leaves of absence from work, did not accrue into a claim until after March 3, 2022. Plaintiff's unsupported argument aside, it is clear from her own allegations that her sexual harassment claim accrued before the EFAA's enactment. Thus, this Court must compel arbitration of Plaintiff's individual sexual harassment claim and dismiss Plaintiff's class claim with prejudice.[5]

---

[5] Plaintiff inexplicably states that Rivian offered no legal support for its argument that this Court should dismiss Plaintiff's claims, including her class claims and jury demand. To the contrary, Rivian's brief is rife with legal support for this argument (*see* Opening Brief at pp. 13-15) and it is Plaintiff who offers no support whatsoever for her argument that the claims should not be dismissed upon compelling arbitration. *See* Resp. at pp. 5-6.

5

6

**DATED:  January __, 2023**               Respectfully submitted,

                                           RIVIAN AUTOMOTIVE, LLC,


                                           By: */s/ Sharilee K. Smentek*


Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
       ssmentek@seyfarth.com

*Attorneys for Defendant Rivian Automotive, LLC*

90724229v.3