E-FILED
Thursday, 02 February, 2023  11:57:16 AM
Clerk, U.S. District Court, ILCD

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANGELA BETANCOURT, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Case No. 1:22-cv-01299-JES-JEH ) ) |
| RIVIAN AUTOMOTIVE, LLC, | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S REPLY TO DEFENDANT RIVIAN
AUTOMOTIVE, LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS**

Plaintiff Angela Betancourt, ("Ms. Betancourt" or "Plaintiff"), by her counsel, hereby responds to Defendant Rivian Automotive LLC's ("Rivian" or "Defendant") Reply in Support of Motion to Compel Arbitration and Dismiss (Dkt. No. 23) (the "Motion") and, for the reasons set forth herein, respectfully requests that the Court deny Rivian's Motion in its entirety.

## ARGUMENT

In arguing that Ms. Betancourt's claim accrued before March 3, 2022, Rivian quotes extensively from *Garrison v. Burke*, 165 F.3d 565 (7th Cir. 1999) (Dkt. No. 23 at 4) and the test it enunciates. Here is the language that Rivian quotes copied directly from Rivian's reply brief:

> Acts that fall outside the statute of limitations may be joined to an act within the statute only if a reasonable person in the position of the plaintiff would not have known, at the time the untimely acts occurred, that she had a claim; rather, she could *only tell by hindsight* that the untimely acts represented the early stages of harassment. **(Citation omitted).** (Dkt. No. 23 at 4) (emphasis added).

The citation that Rivian chose to omit in the above language refers to *Galloway v. General Motors Parts Operations*, 78 F.3d 1164 (7th Cir.1996). The Supreme Court explicitly overruled *Galloway*

and the test it enunciates in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117n.11 (2002), a fact that Rivian apparently would rather ignore. Ms. Betancourt screenshots the relevant language from *Garrison* here to provide proper context and show that Rivian either knew or should have known that it was citing bad law:

> that ends within the limitations period." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir.1992). In *Galloway v. General Motors Parts Operations*, 78 F.3d 1164 (7th Cir.1996), we placed limitations on the circumstances in which acts of sexual harassment may be linked together to defeat the statute of limitations. Acts that fall outside the statute of limitations may be joined to an act within the statute only if a reasonable person in the position of the plaintiff would not have known, at the time the untimely acts occurred, that she had a claim; rather, she *570 could *only tell by hindsight* that the untimely acts represented the early stages of harassment. See *id.* at 1166 (sexual harassment, in its early stages, "may not be diagnosable as sex discrimination,

Rivian's explicit reliance on *Garrison* (and concealed reliance on *Galloway*) are part of a pattern of hiding relevant context from this Court.[1] Rivian's attempt to limit *Morgan* to statute-of-limitations issues and focus on what Ms. Betancourt knew and when (*See* Dkt. No.23 at 5) is part of that pattern of obfuscation. *Morgan* does not just address statutes of limitations; it also explains what a hostile-environment claim is. Under *Morgan*, a hostile-environment claim is a "single unlawful employment practice" made up of multiple incidents. 536 U.S. at 117. What Ms. Betancourt knew and when is therefore irrelevant because the pre and post March 3 incidents form a single hostile-environment claim. *Id.* at 118 (when an employee knew that "an actionable claim happened" is irrelevant because "all incidents are still part of the same claim"). That *Morgan*

---

[1] For example, quoting *Gabelli v. SEC,* 568 U.S. 448 (2013), Rivian argues that "a sexual harassment claim accrues 'when plaintiff has a complete and present cause of action.'" (See Dkt. No. 23 at 2.). However, *Gabelli* is a fraud case that addresses claims accrual in the context of the Investment Advisors Act. In fact, none of the cases Rivian relies on address when a sexual harassment or hostile work environment claim accrues. *Wallace v. Kato,* 549 U.S. 384 (20007) is a false imprisonment case. *Bay Area Laundry and Dry-Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 201 (1997), discusses claims accrual in the context of the Multiemployer Pension Plan. *U.S. v. Midwest Generation*, 720 F.3d 644 (7th Cir. 2013) discusses the Clean Air Act. Rivian does not cite sexual harassment cases because they do not support its position.

addressed, among other things, statutes of limitations does not save Rivian's argument. There is no logical reason why a plaintiff's state of mind should be irrelevant when it comes to applying statutes of limitations but indispensable when it comes time to apply the EFAA. Thus Rivian's motion to compel arbitration depends on hiding the fact that the Supreme Court has already rejected its preferred test. Its motion should be denied.

## CONCLUSION

Defendant Rivian continues to grasp at straws to make its argument. The Supreme Court has already rejected Rivian's preferred test. Rivian's Motion to Compel Arbitration should be denied.

Dated:  February 2, 2023

        Respectfully submitted,

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Francisco Fernandez del Castillo
**CAFFARELLI & ASSOCIATES LTD.**
224 South Michigan Avenue, Suite 300
Chicago, Illinois  60604
Tel:  312-763-6880
acaffarelli@caffarelli.com
ffernandez@caffarelli.com

Diandra "Fu" Debrosse Zimmermann
**DiCELLO LEVITT LLC**
505 20th Street North, 15th Floor
Birmingham, Alabama  35203
Tel:  205-740-9555
fu@dicellolevitt.com

Adam J. Levitt
**DiCELLO LEVITT LLC**
10 North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel: 312-214-7900
alevitt@dicellolevitt.com

Elizabeth Paige White
Éviealle J. Dawkins
**DiCELLO LEVITT LLC**
1101 17th Street NW, Suite 1000
Washington, DC  20036
Tel:  202-975-2288
pwhite@dicellolevitt.com
edawkins@dicellolevitt.com

*Counsel for Plaintiff*