E-FILED
Tuesday, 07 February, 2023  10:45:57 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| ANGELA BETANCOURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01299-JES-JEH |
| | ) | |
| RIVIAN AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RIVIAN AUTOMOTIVE, LLC'S MOTION TO RECONSIDER

Defendant Rivian Automotive, LLC, respectfully submits its Motion to Reconsider the February 2, 2023 Order granting Plaintiff's Motion for Leave to File Sur-Reply ("Order").

**I.      Introduction**

On February 2, 2023, this Court granted Plaintiff's Motion for Leave to File Sur-Reply ("Plaintiff's Motion").  As noted in the Court's Order, "Plaintiff asserts that in the Reply, Defendant relies extensively on a case which is no longer good law."  *See* Order.  Plaintiff's Motion is based on a faulty premise—and even if Plaintiff's Motion were accurate (it is not), the Motion should be denied because the arguments in Plaintiff's sur-reply do nothing to change the conclusion that the Court should grant Defendant's Motion to Compel Arbitration.

However, before Defendant could file its response to Plaintiff's Motion, the Court entered its Order without having had the opportunity to consider the reasons supporting denial of Plaintiff's Motion.  For these reasons, and the facts and arguments presented below, Defendant respectfully requests that the Court reconsider its Order, and submits that, upon reconsideration, Plaintiff's Motion should be denied.

91904081v.2

II.      **Standard of Review**

"[A] motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Estate of Love v. Rassmussen*, 2018 WL 10613262, *3 (C.D. Ill. Jul. 18, 2018), *quoting United States v. Gerard*, 2017 WL 4769662, *1 (N.D. Ind. Oct. 23, 2017); *see also Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 694 n. 5 (7th Cir. 2007) ("district court ha[s] broad authority to reconsider" an interlocutory order). Courts have reconsidered interlocutory orders where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Estate of Love*, 2018 WL 10613262 at * 3, *quoting Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

III.     **Argument**

The Court should reconsider its Order granting Plaintiff's Motion. Plaintiff argued that in its Reply in Support of its Motion to Compel Arbitration, Defendant quoted "extensively" from *Garrison v. Burke*, 165 F.3d 565 (7th Cir. 1999). Defendant did not quote from *Garrison* "extensively" or "rely" on *Garrison* at all. Instead, Defendant cited *Garrison* once to describe the continuing violation doctrine. And significantly, Defendant did not "rely" on the continuing violation doctrine as articulated in *Garrison*, as opposed to the continuing violation articulated in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), to advance its position regarding when Plaintiff's claim accrued. Instead, Defendant cited *both* cases to support its position that the continuing violation doctrine *does not apply to this case because there are no time-barred claims.*

Plaintiff's sur-reply is nothing more than a red-herring since Defendant's argument remains the same whether citing the continuing violation doctrine as articulated in *Morgan* or the previously accepted continuing violation doctrine, as articulated in *Galloway v. General Motors Parts Operations*, 78 F.3d 1164 (7th Cir. 1996) (overruled by *Morgan*) and *Garrison*.[1]  To be sure, under any standard, the continuing violation doctrine has no application to timely claims of sexual harassment, like Plaintiff's claim here—and Plaintiff has failed to cite a single case to support that the continuing violation doctrine applies to the accrual of her *timely* harassment claim.  Accordingly, Defendant did not rely on *Garrison* to support its position that Plaintiff should be compelled to arbitrate her claim, which arose and accrued in February 2022, at the very latest.[2]  *See* Defendant's Motion to Compel Arbitration at pp. 7-12.

Plaintiff further accuses Defendant of engaging in "a pattern of hiding relevant context from this Court" because none of the cases Defendant cited in support of its accrual argument are sexual harassment cases.  Plaintiff's Motion at pp. 3-4.   But here again, Plaintiff misses the gravamen of Defendant's argument.  The cases Defendant has cited in support of its position that Plaintiff's claim accrued by February 2022, are all cases that establish when claims *accrue*.  The accrual doctrine does not apply differently to timely sexual harassment claims.

To put the shoe on the other foot, Plaintiff could be accused of "hiding relevant context from the Court" because none of the cases Plaintiff cites discuss when *timely* claims accrue.  In all of Plaintiff's cited cases, the continuing violation doctrine is raised in an attempt to salvage otherwise time-barred claims.  *See* Plaintiff's Response at p. 4, *citing Laslie v. Town of Cicero*,

---

[1] The *Garrison* case has <u>not</u> been expressly overruled and has been followed by other courts in the Seventh Circuit even since *Galloway* was overturned.  *See e.g., Holmes v. Housing Auth. of Joliet*, 2014 WL 6564949, *4 (N.D. Ill. Nov. 20, 2014); *Chaparro v. City of Chicago, Ill.*, 2012 WL 104629, *3 (N.D. Ill. Jan. 12, 2012).
[2] Nor did Defendant cite *Garrison* "extensively" as Plaintiff alleges.  Instead, in Defendant's two separate briefs on this issue, it cites *Garrison* only a *single* time.  To imply that Defendant's position "relies extensively" on *Garrison* is utterly misleading.

2021 WL 1853250 (N.D. Ill. May 10, 2021) (discussing application of the continuing violation doctrine to otherwise *time-barred claims*); *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001) (applying the continuing violation doctrine to *time-barred claims* under 42 U.S.C. § 1983); *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233 (10th Cir. 2001) (finding that the continuing violation doctrine did not toll the statute of limitations for plaintiff's *time barred* Federal Employers' Liability Act claim).  These cases are not relevant to Plaintiff's allegations in this case, none of which are *time-barred*.  In all of this, Plaintiff cites no cases holding that the well-settled doctrine of claims accrual somehow applies differently to sexual harassment cases *absent a time-barred claim*.  Nor do the cases Plaintiff cites hold that the continuing violation *exception* to the accrual doctrine applies even where (as here) there are *no time-barred claims.*

Defendant has continually maintained that (1) the continuing violation doctrine (as articulated in *Morgan*, or by any other court) is wholly inapplicable to this case because Plaintiff has no untimely allegations of harassment, and (2) under the well-settled claims accrual doctrine, Plaintiff's claim plainly accrued by February 2022, when she alleges harassment so severe and pervasive that she took leaves of absence to avoid the harassment.  Plaintiff's sur-reply is nothing more than an attempt to distract the Court with an argument that makes no difference whatsoever to the law governing when Plaintiff's claim accrued.

IV.     **Conclusion**

For these reasons, Defendant Rivian Automotive, LLC respectfully requests that the Court reconsider its Order granting Plaintiff's Motion for Leave to File Sur-Reply.

**DATED:  February 7, 2023**                 Respectfully submitted,

                                                RIVIAN AUTOMOTIVE, LLC,

                                                By: */s/ Sharilee K. Smentek*

Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
        ssmentek@seyfarth.com

*Attorneys for Defendant Rivian Automotive, LLC*

91904081v.2

**<u>CERTIFICATE OF SERVICE</u>**

I, Sharilee K. Smentek, an attorney, certify that on February 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

*/s/ Sharilee K. Smentek*