**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| ANGELA BETANCOURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 1:22-cv-01299-JES-JEH |
| v. | ) | |
| | ) | |
| RIVIAN AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT RIVIAN AUTOMOTIVE, LLC'S MOTION TO COMPEL
ARBITRATION AND DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff Angela Betancourt ("Ms. Betancourt" or "Plaintiff"), hereby opposes Defendant

Rivian Automotive LLC's ("Rivian or "Defendant") Motion to Compel Arbitration and Dismiss

(Dkt. No. 32) (the "Motion") and, for the reasons set forth herein, respectfully requests that the

Court deny Rivian's motion in its entirety.

## INTRODUCTION

Rivian's latest effort to upend this case is dead on arrival because Plaintiff's claim accrued

after The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act's March 3,

2022 enactment.  The Complaint's well-pleaded facts confirm that Ms. Betancourt experienced

continuous sexual harassment and a hostile work environment at Rivian from December 2021 to

April 20, 2022—weeks after the Act's enactment. Doc. 30 at ¶¶ 28-47.  The last day that Plaintiff

reported for work was on April 20, 2022. *Id*. at ¶ 47.  Despite these facts, Rivian aspirationally—

but erroneously—contends that Ms. Betancourt's claim accrued in February of 2022—a date

preceding several instances of sexual assault and her constructive discharge.  The law is clear that,

in cases involving a continuous hostile work environment, the continuing violation doctrine dictates that the date of accrual of the claim is the last instance of harassment, which, here is April 20, 2022.

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act[1] (the "Act") was signed into law on March 3, 2022. The Act makes pre-dispute arbitration agreements and pre-dispute joint action waivers invalid and unenforceable against sexual assault and harassment claims that arose or accrued after its enactment. Plaintiff Betancourt suffered ongoing sexual assault from December until her last day of employment with Rivian. Ms. Betancourt's claims accrued on April 20, 2022, the date she was constructively discharged and the last day that she suffered from Rivian's hostile work environment. Because Ms. Betancourt experienced harm that continued to occur after the Act's passage and her claims accrued on April 20, 2022, the Act applies to all of Ms. Betancourt's claims and, therefore, the arbitration agreement between Ms. Betancourt and Rivian is invalid and unenforceable. For this reason, Rivian's Motion should be denied.

## ARGUMENT

### I.   The Act Invalidates Arbitration Agreements For Victims of Sexual Assault and Harassment Such As Plaintiff.

The Act applies to a person alleging sexual harassment and assaultive conduct, like Ms. Betancourt, whose claims accrued after March 3, 2022. The Act nullifies arbitration agreements and any waiver that "would prohibit or waive the right of one of the parties to the agreement to participate in a joint, class or collective action in a judicial, arbitral, administrative, or other forum."[2] Because Plaintiff's claims are precisely those which the Act protects from forced: (a)

---

[1] Codified at 9 U.S.C. §§ 401, 402.

[2] 9 U.S.C. § 401(2)

arbitration agreements; (b) class action waivers; and (c) jury trial waivers, the Court must deny Rivian's Motion and allow Plaintiff's claims to proceed.

The entirety of Rivian's Motion is based upon its argument that the Court should compel arbitration in this case because the Federal Arbitration Act ("FAA") created a "strong public policy in favor of arbitration."[3]  Setting aside the factual inaccuracy of Rivian's gloss on the FAA, which is irrelevant to the present analysis, the fact is that Rivian's substantive argument simply ignores the Act's driving principle, which invalidates mandatory arbitration agreements for sexual assault and harassment victims such as Ms. Betancourt.  Indeed, the Act's intent is to *not* have sexual assault and harassment victims bound by the "shameful practice of forced arbitration."[4]  The Act's goal is to "fix a broken system that protects perpetrators and corporations and end the days of silencing survivors."[5]

The Act's intent is to prevent employers—like Rivian—from forcing sexual assault victims—like Ms. Betancourt—to adjudicate their sexual assault claims under the opaque cover of confidential arbitration. Instead, the Act mandates that such adjudication occur before a judicial forum, in the light of day, for all to see.[6]  Congress recognized that "forced arbitration clauses have become virtually ubiquitous" that have "buried in fine print" forced arbitration clauses that "lack transparency and precedential guidance of the justice system."[7]  Additionally the "secretive nature of arbitration prevents victims from sharing their story" and because "fairness and equity" are not

---

[3] Doc. 32 at 5.

[4] *Bipartisan Bill Ending Forced Arbitration of Harassment and Assault Cases Enacted*, 38 Term. of Employment Bulletin NL 1 (March 2022).

[5] *Id*.

[6] H.R. Rep. No. 117-234 at 3 (2022).

[7] *Id*.

guaranteed, offices are able to ignore harassment and retaliate against victims.[8] Here, before Ms. Betancourt could begin working, Rivian had her sign a contract that contained an arbitration clause. Because Ms. Betancourt was continuously harassed after the Act's passage, the arbitration agreement Ms. Betancourt signed is not enforceable here. The Court must deny Rivian's Motion and allow Plaintiff's claims to proceed.

## II.   Plaintiff's Claims Continued to Accrue Throughout Her Employment at Rivian and After the Act's Enactment, Thus Rendering Any Pre-Dispute Arbitration Agreement Invalid and Unenforceable.

Rivian's argument that Ms. Betancourt's claims accrued prior to the enactment of the Act ignores established law and misconstrues the Second Amended Complaint's well-pleaded facts.[9] Based on its apparent misunderstanding of the legal continuing violation doctrine regarding a hostile work environment claim, Rivian incorrectly argues that Ms. Betancourt is required to arbitrate her claims, because, as Rivian argues, all of her claims somehow accrued *before they even occurred*.[10] Rivian, unsurprisingly, does not cite to any authority supporting this argument.

Rivian argues that *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, (2002) does not support Plaintiff's position here because *Morgan* deals with a statute of limitations issue, rather than a claims accrual issue.[11] That attempted distinction is unavailing. Indeed, *Morgan* addresses employment discrimination in the context of the continuing violation doctrine. In *Morgan*, the Supreme Court explained the continuing violation doctrine as precluding "recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," but permitting

---

[8] *Id.* at 4.

[9] Moreover, such an argument, if accepted, would create a dangerous result of giving an employer the ability to continue its illegal conduct following the initial incident since, by Rivian's argument, liability is frozen at the earliest, rather than the latest, offense date.

[10] Doc. 32 at 9; *see also* Doc. 30 at ¶¶ 33-42.

[11] Doc. 32 at 10.

"consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Morgan*, 536 U.S. at 105.

Significantly, Rivian concedes that Plaintiff's hostile work environment claim constitutes a continuing violation, due to the continuous instances of sexual harassment. *See* Doc. 32 at 11-12 (citing *Ford v. Marion County Sheriff's Office*, 942 F.3d 839, 852-3 (7th Cir. 2019)). Plaintiff agrees with Rivian that the hostile workplace she suffered from December 2021 until April 20, 2022, constitutes a continuous violation of her rights.[12]   *See generally* Doc. 30**.**  When the continuing violation doctrine applies, "the incidents are lumped together," and "the cause of action accrues at...the date of the last injury." *Laslie v. Cicero*, No. 20-CV-1831, 2021 WL 1853250, at *8 (N.D. Ill. May 10, 2021) (quoting *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001) (*see also Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1237 (10th Cir. 2001)).  The continuing violation doctrine is an accrual doctrine, *not* a tolling doctrine. *Id*. (citing *Heard*, 253 F.3d at 319) ("But the usual and it seems to us the correct characterization of the doctrine of continuing violation is that it is a doctrine governing accrual, not a tolling doctrine, because we don't *want* the plaintiff to sue before the violation is complete.") (emphasis in original) (citation omitted)).  In the context of the continuing violation doctrine, "it is well settled that those claims accrue on the day of the last act in furtherance of the violation." *Oliveri v. Stifel, Nicolaus & Company, Incorporated*, 2023 WL 2740846 (E.D. N.Y. March 31, 2023) citing *DeSuze v. Carson*, 442 F. Supp 3d. 528, 544 (E.D.N.Y. 2020), aff'd sub nom. *DeSuze v. Ammon*, 990 F. 3d 264 (2d.

---

[12] While Plaintiff agrees that the sexual harassment she experienced was part of a continuing violation, she does not abandon the assertion that the harassment on April 13, 2022 was severe and pervasive enough to stand on its own.

Cir. 2021) ("a claim alleging an ongoing policy or practice accrues at the time of the last action in furtherance of it"); *Hauff v. State University of New York,* 425 F. Supp 3d. 116, 134 (E.D.N.Y. 2019) (a hostile work environment claim does "not accrue until the last act in furtherance of the allegedly discriminatory practice"); *Rosen v. N.Y.C. Department of Education*, No. 18-cv-6670, 2019 WL 4039958, at *5 (S.D.N.Y. Aug. 27, 2019) (last act that "contributed to the hostile working environment" considered "the data of accrual"). The plaintiff in *Oliveri* asserted, as Ms. Betancourt does here, a hostile work environment claim based on the continuing violation doctrine, alleging actions that occurred before and after the Act's enactment. *Id.*  The defendants in *Oliveri* argued, as Rivian does here, that the plaintiff's claim accrued prior to the Act's enactment, thus requiring the plaintiff to arbitrate her claims. *Id.*  The *Oliveri* court denied the defendants' motion in that case because the plaintiff's claims continued to accrue after the passage of the Act. *Id.* at 6. The same is true here.

Thus, binding Seventh Circuit precedent (as well as the law in other circuits, as discussed above), confirms that a continuing violation—such as the hostile work environment that Ms. Betancourt suffered here—accrues on the last date of injury. Here, Ms. Betancourt alleges that she was sexually assaulted on April 13, 2022. Doc. 30 at ¶ 33.  Ms. Betancourt alleges that despite reporting the incident, she continued to encounter her assailant from April 14, 2022, through April 20, 2022. *Id*. at ¶¶ 37-42. For instance, although Ms. Betancourt was moved to another station her assailant would purposely come into Plaintiff's workstation and make incessant eye contact with her. *Id*. at ¶¶ 37-38. Ms. Betancourt felt she had no choice but to no longer return to work due to these intolerable working conditions. *Id*. at ¶¶ 35-42.  Ms. Betancourt's last day of employment at Rivian was on April 20, 2022. *Id.* at ¶ 42.  The law is clear that the final date of harassment is when the claim accrues, Ms. Betancourt's claim did not accrue until the last time she was harassed,

whether that be April 13, 2022 (when she was physically assaulted) or April 20, 2022 (the date of her constructive discharge). In either situation, applicable case law dictates that Ms. Betancourt's claim did not accrue until after the Act's enactment on March 3, 2022, and, as such, the arbitration clause contained in her Rivian employment agreement is unenforceable and invalid under the Act.

## III.   Rivian's Dismissal Arguments Fail Because the Arbitration Agreement Is Unenforceable.

Rivian's argument that Plaintiff's claims (including her class claims) be dismissed and her jury demand stricken fail for the reasons set forth above.  Rivian has failed to provide the Court with competent legal grounds to dismiss Plaintiff's claims or jury demand.  Rivian does not seek a Rule 12 dismissal, but, rather, relies solely on the enforceability of the arbitration agreement to support its dismissal argument.  Having so tethered its dismissal argument to its arbitration argument, for the same reasons that Rivian's argument to compel arbitration fails, so too does Rivian's entire argument for dismissal.

The Act plainly exempts arbitration agreements, class action waivers, and jury waivers for sexual harassment and abuse claims.[13] Regardless of whether the contract is unconscionable, the class action and jury trial waivers in the agreement directly contradict the Act and are unenforceable. Further, Rivian fails to cite a single case supporting dismissal, much less dismissal with prejudice.  The Act gives sexual assault victims, like Ms. Betancourt, the right to pursue their cases in a court of law and denying Ms. Betancourt her day in court would violate the purpose and policy behind the Act's enactment.

---

[13] 9 U.S.C. § 402(a) ("no….[class action waiver] shall be valid or enforceable with respect to a case which is filed under Federal, tribal, or State law and relates to the…sexual harassment dispute.")

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Compel Arbitration and Dismiss the Second Amended Complaint in its entirety.

Dated:  June 12, 2023

<div style="margin-left:40%;">

Respectfully submitted,

/s/ Alejandro Caffarelli
Alejandro Caffarelli
**CAFFARELLI & ASSOCIATES LTD.**
224 South Michigan Avenue, Suite 300
Chicago, Illinois  60604
Tel:  312-763-6880
acaffarelli@caffarelli.com

Diandra "Fu" Debrosse Zimmerman
**DiCELLO LEVITT LLP**
505 20th Street North, 15th Floor
Birmingham, Alabama  35203
Tel:  205-740-9555
fu@dicellolevitt.com

Adam J. Levitt
**DiCELLO LEVITT LLP**
10 North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel: 312-214-7900
alevitt@dicellolevitt.com

Elizabeth Paige White
Éviealle J. Dawkins
**DiCELLO LEVITT LLP**
1101 17th Street NW, Suite 1000
Washington, DC  20036
Tel:  202-975-2288
pwhite@dicellolevitt.com
edawkins@dicellolevitt.com

***Counsel for Plaintiff and the Proposed Class***

</div>

8

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that he caused a true and correct copy of the foregoing document to be filed electronically via the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

<div align="center"></div>

             */s/ Alejandro Caffarelli*
             One of Plaintiff's Attorneys