IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANGELA BETANCOURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 1:22-cv-01299-JES-JEH |
| v. | ) | |
| | ) | |
| RIVIAN AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT RIVIAN AUTOMOTIVE, LLC'S MOTION FOR LEAVE TO FILE
REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND
<u>DISMISS THE SECOND AMENDED COMPLAINT</u>**

Plaintiff Angela Betancourt ("Ms. Betancourt" or "Plaintiff"), hereby opposes Defendant Rivian Automotive LLC's ("Rivian" or "Defendant") Motion for Leave to File Reply in Support of Its Motion to Compel Arbitration and Dismiss the Second Amended Complaint (Dkt. No. 35) (the "Motion") and, for the reasons set forth herein, respectfully requests that the Court deny Rivian's motion.

<u>**ARGUMENT**</u>

The law is clear: replies are inappropriate unless a response has introduced a new and/or unexpected issue. Rivian's proposed reply in support of its motion to dismiss does not respond to any new or unexpected issue raised in the Plaintiff's opposition. Rivian admits as much, stating that it seeks to file a reply to "*clarify* the straight-forward claims accrual doctrine," Motion at 1 (emphasis added). Of course, the claims accrual doctrine and its potential application to this matter

was amply briefed and discussed in both the Motion to Dismiss and the Opposition. Nothing more is needed.

Because Rivian seeks only to repeat the same misguided arguments it previously made in its Motion to Dismiss, Rivian's Motion must be denied.

### I. Legal Standard

The United States District Court for the Central District of Illinois Rule 7.1(B)(3) states that "no reply to [a] response is permitted without leave of Court." Typically, reply briefs are permitted only "if the party opposing a motion has introduced new and unexpected issues in his response to the motion," and the Court finds that a reply from the moving party would be helpful to its disposition of the motion; the Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, **or to rehash the arguments made in the motion**." *Shefts v. Petrakis*, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011) (emphasis added).

Rivian's proposed reply ("Exhibit 1") is a "rehash of arguments" already made, and does not address any new or unexpected issues raised in the opposition (Dkt No. 33).

### II. Rivian has offered no legally permissible reason for its Motion for Leave and improperly seeks to supplement its previous Motion to Dismiss with this Motion.

Rivian's stated reason for its Motion is to "clarify the straightforward claims accrual doctrine and explain why Plaintiff's reliance on a limited exception to the claims accrual doctrine is inapplicable to her claims." Motion at 1-2. In essence, Rivian admits that it hopes to supplement and further expound upon its previous arguments. Indeed, Rivian's two already-filed motions to dismiss have amply covered the exact same ground – the claims accrual doctrine and its application to this matter – that Rivian proposes to raise in its reply. *See* Motion to Dismiss the Second Amended Complaint and Compel Arbitration ("Motion to Dismiss II") (Dkt No. 31) at 9-13;

2

Motion to Dismiss the Complaint and Compel Arbitration ("Motion to Dismiss I") (Dkt No. 13) at 9-12.

But the law in the Central District is clear: the court does not permit the moving party to file a reply to "rehash" previous arguments. *United States v. Kellogg Brown & Root, Inc.*, 2020 WL 13413224 (C.D. Ill. March 30, 2020). When the movant has had an opportunity to thoroughly brief the issues, denial of a Motion for Leave is appropriate. *Cole v. Meeks,* 2019 EL 4677000 (C.ED. Ill. September 19, 2019). By the same token, no reply will be allowed where, as here, a motion and opposition "adequately set out the issues and arguments in this case," *Ripmax Ltd. v. Horizon Hobby, Inc.*, No. 07-CV-2133, 2008 WL 5385538, at *2 (C.D. Ill. Dec. 18, 2008). *See also, e.g., Hanson Engineers Inc. v. UNECO, Inc.*, 64 F. Supp. 2d 797, 798–99 (C.D. Ill. 1999) (leave to file reply denied where "the arguments raised in the motions for leave could have been (and, in part, were) raised in the original motions."); *Nutrien Ag Sols., Inc. v. Consol. Grain & Barge Co.*, No. 421CV04091SLDJEH, 2022 WL 673700, at *2 (C.D. Ill. Mar. 7, 2022) ("To the extent the reply would rehash arguments already made, a reply is unnecessary."). Rivian's motion contains *zero* citation to any case law that purports to support its application to file a reply.

That is unsurprising, because Rivian is not responding to new or unexpected issues, and its reply would not assist the Court. In both of Rivian's previously-filed motions to dismiss, Rivian argued that hostile work environment accrual refers to the statute of limitations. Motion to Dismiss II at 9-13; Motion to Dismiss I at 9-12; Exhibit 1 to Defendant's Motion at 6. Indeed, a full *four pages* of Rivian's latest Motion to Dismiss argues that the continuing violation accrual doctrine applies only to time barred incidents. Motion to Dismiss II at 9-13. Rivian attempts the exact same argument in its proposed reply, and even tries to distinguish the very same case – *National R.R. Passenger Corp. v. Morgan,* 536 U.S.101 (2002) – that it discussed in both Motions to Dismiss.

3

*Compare* Motion to Dismiss II at 9-14 and Motion to Dismiss I at 9-12 *with* Exhibit 1 at 6. It is clear that Rivian is seeking only to *bolster* its previously-made arguments: in the proposed reply, Rivian merely adds four case citations to which it could have referred in its Motion to Dismiss II, each of which is over thirteen years old. *See* Exhibit 1 at 6. Replies are not permitted under circumstances where the defendant has added such "new" case law to supplement an argument already proffered. *Nutrien Ag Sols., Inc.*, 2022 WL 673700 at *2 (C.D. Ill. Mar. 7, 2022).

In any event, the proposed reply has no merit, as recent case law clearly supports Plaintiff's position regarding the Ending of Forced Arbitration Act, *not* Rivian's. *See Oliveri v. Stifel, Nicolaus & Company, Incorporated,* 2023 WL 2740846 (E.D. N.Y. March 31, 2023) (In the context of the continuing violation doctrine "it is well settled that those claims accrue on the day of the last act in furtherance of the violation.")

Rivian's proposed reply also attempts to re-argue when Plaintiff's hostile work environment claim accrued. Indeed, Rivian has continuously asserted that Plaintiff's claim "came into existence" in February 2022, when Plaintiff began to use paid safe and sick leave time. *See* Motion to Dismiss II at 10; Motion to Dismiss I at 9; Motion at 2. Rivian's proposed reply repeats the exact argument, case law, and affidavits it cited for this proposition in its previous Motion to Dismiss II. Compare Motion to Dismiss II at 9-10 *with* Exhibit 1 at 4 (both citing *Gabelli v. S.E.C.,* 568 U.S. 448 (2013), *Wallace v. Kato*, 549 U.S. 388 (2007), *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 201 (1997), *United States v. Midwest Generation, LLC*, 720 F.3d 646 (7th Cir. 2013) and the Declaration of Chris Lasher).

In short, because Rivian's proposed reply seeks only to repackage arguments it already made (or could have made) in its motion to dismiss, Plaintiff respectfully avers that the Motion should be denied.

4

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to File Reply to Defendant's Motion to Compel Arbitration and Dismiss the Second Amended Complaint in its entirety.

Dated: July 12, 2023

    Respectfully submitted,

    /s/ Alejandro Caffarelli
    Alejandro Caffarelli
    **CAFFARELLI & ASSOCIATES LTD.**
    224 South Michigan Avenue, Suite 300
    Chicago, Illinois  60604
    Tel:  312-763-6880
    acaffarelli@caffarelli.com

    Diandra "Fu" Debrosse Zimmerman
    **DICELLO LEVITT LLP**
    505 20th Street North, 15th Floor
    Birmingham, Alabama  35203
    Tel:  205-740-9555
    fu@dicellolevitt.com

    Adam J. Levitt
    **DICELLO LEVITT LLP**
    10 North Dearborn Street, Sixth Floor
    Chicago, Illinois  60602
    Tel: 312-214-7900
    alevitt@dicellolevitt.com

    Elizabeth Paige White
    Éviealle J. Dawkins
    **DICELLO LEVITT LLP**
    1101 17th Street NW, Suite 1000
    Washington, DC  20036
    Tel:  202-975-2288
    pwhite@dicellolevitt.com
    edawkins@dicellolevitt.com

    ***Counsel for Plaintiff and the Proposed Class***