**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANGELA BETANCOURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE No. 22-1299-JES-JEH |
| v. | ) | |
| | ) | |
| RIVIAN AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

This matter is now before the Court on the Motion to Compel Arbitration and Dismiss the Second Amended Complaint of Defendant Rivian Automotive, LLC ("Rivian"), brought under Fed. R. Civ. P. 12(b)(3). (Doc. 31). Plaintiff, Angela Betancourt ("Betancourt"), has filed a Motion in Opposition (Doc. 33). Defendant Rivian subsequently filed a Motion for Leave to File a Reply (Doc. 35) to which Plaintiff objected (Doc. 36). Defendant's proposed Reply is cumulative, rehashing its earlier points without offering new argument. (Doc. 35) is DENIED and was not considered in this Order. *See Duerr v. Bradley Univ.*, 590 F. Supp. 3d 1160, 1165 (C.D. Ill. 2022) (noting that the court has discretion to grant leave to file a sur-reply in a motion to dismiss) (internal citation omitted). This "should generally be allowed only for valid reasons, such as ... new arguments in a reply brief." *Id.* (citing *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011). For the reasons set forth below, Defendant's Motion to Dismiss (Doc. 31) is also DENIED.

**BACKGROUND**

Plaintiff Betancourt has filed a second amended complaint and requested a jury trial under Title VII, 42 U.S.C. 2000e *et seq*., and the Illinois Human Rights Act ("IHRA"), asserting sexual discrimination and sexual harassment against her former employer, Rivian. Plaintiff

1

worked as a Battery Team Member at Rivian, a manufacturer of electric vehicles, from December 6, 2021, through "about June 1, 2022." (Doc. 30 at 4). Plaintiff asserts that throughout her employment, "she was regularly subjected to unwanted sexual advances by several of her male coworkers" who pinched her sides, breathed down her neck, and showed her inappropriate sexual pictures and videos on their phones. (Doc. 30 at 5). In addition, on or about April 13, 2022, an unidentified revision engineer "walked up to Plaintiff and grabbed her work badge that was attached to the front of her waist, and proceeded to grope Plaintiff." *Id.*

Plaintiff reported the incident and around April 14, 2022 and was moved to another workstation. Plaintiff continued to encounter the engineer who would "unnecessarily walk up to Plaintiff's workstation, talk to other coworkers around her, and make incessant eye contact with her." On April 15, 2022, Plaintiff filed a police report against the engineer and continued to encounter him at work. Plaintiff pled that "her working conditions were so intolerable that she did not return to work after April 20, 2022." (Doc. 30 at 7). It appears that Plaintiff separated from Rivian around June 1, 2022, with neither party elaborating on the circumstances of the separation.

On June 2, 2022, Plaintiff filed a charge of sexual harassment and a hostile work environment with the IDHR and EEOC (Doc. 32-3). There, she complained that she was "subjected to sexual harassment and a hostile work environment by several of my male coworkers." *Id.* Plaintiff specifically recounted incidents that occurred on January 20, 2022, February 9, 2022, February 10, 2022, April 13, 2022, and April 14-20, 2022. *Id.* Plaintiff asserted that she used Paid Safe and Sick Leave ("PSSL") on February 3-5, February 18, March 9, March 11, and April 13, 2022, as a means of coping with and avoiding the sexual harassment. On December 6, 2022, the EEOC issued her a Notice of Right to Sue. (Doc. 30 at 21).

2

Plaintiff alleges in her complaint that Rivian is liable for the actions of the male employees as it "knowingly permitted, and continues to foster, a hostile work environment … wherein female employees, including Plaintiff, Angela Betancourt, are subjected to pervasive sexual harassment." (Doc. 30 at 1). Plaintiff pleads that she "reported the sexual harassment to several supervisory level employees" and despite notice, Defendant failed "to remedy the pervasive [sexual] harassment." *Id*. at 14. Plaintiff asserts, further, that the same has happened to other women at Rivian, and continues to this day, asking leave to certify as a class "All current and former female employees of Defendant who worked at Defendant's facility located at 100 Rivian Motorway, Normal, Illinois from August 6, 2021, through the date of trial." (Doc. 30 at 9).

Rivian moves to dismiss as, on November 18, 2021, Plaintiff signed an Arbitration Agreement ("Agreement") which required arbitration of all claims arising out of her employment. (Doc. 32-2). The Agreement specifically excludes claims for discrimination or harassment based on gender; as well as claims "for violation of any federal, state, or other governmental law, statute, regulation, or ordinance," including claims arising under the Illinois Human Rights Act. (Doc. 7-1 at ¶ 4). The Agreement also contained a waiver of Plaintiff's right to assert any class or representative proceeding. (Doc. 32-1 at 6). Rivian has provided a copy of the Agreement which, although outside the pleadings, may be considered in a Rule 12(b)(3) motion. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011). Under the terms, the parties also mutually waived the right to a jury trial.

Plaintiff does not deny signing the Agreement but asserts that the Agreement is unenforceable due to the March 3, 2022 enactment of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") ("Act"), 9 U.S.C. §§ 401, 402. The EFAA

3

provides that a predispute arbitration agreement or joint-action waiver will not "be valid or enforceable" in a sexual assault or sexual harassment dispute. *Id*. at § 402(a). The EFAA applies to "any dispute or claim that arises or accrues on or after the date of enactment of this Act [March 3, 2022]."

Plaintiff cites the legislative history of the Act which calls "shameful" the practice of forced arbitration and expresses the intent to "fix a broken system that protects perpetrators and corporations and end the days of silencing survivors." (Doc. 33 at 3 Fn.4) (citing Bipartisan *Bill Ending Forced Arbitration of Harassment and Assault Cases Enacted*, 38 Term. of Employment Bulletin NL 1 (March 2022)). *See id.* (the "secretive nature of arbitration prevents victims from sharing their story" and because "fairness and equity" are not guaranteed, offices are able to ignore harassment and retaliate against victims.").

On the date the EFAA was enacted, Plaintiff had already experienced acts of sexual harassment at Rivian. Rivian asserts that Plaintiff's claims arose when the incidents first occurred and accrued by February 2022 "at the latest," as this was when she began taking time off of work. Rivian asserts that this predated the Act's March 3, 2022 enactment, so the Act does not preempt the Arbitration Agreement. (Doc. 35-1 at 3). Plaintiff disputes this, asserting that the misconduct was a continuing violation, so her cause of action did not accrue until she left her employment on April 20, 2022, approximately six weeks after the effective date of the Act. Neither side asserts that the EFAA may be retroactively applied, so the issue before the Court is whether Plaintiff's discrimination action accrued before or after March 3, 2022.

## LEGAL STANDARD

Rivian moves to dismiss the second amended complaint under Fed. R. Civ. P. 12(b)(3), asserting that this Court is not the proper venue for the dispute, which is allegedly governed by

4

the parties' Arbitration Agreement. "An arbitration clause is simply a type of forum-selection clause ... [A] motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3)." *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 525 F. Supp. 3d 926, 928–29 (S.D. Ind. 2021) (citing *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014)). "In evaluating a motion to dismiss for improper venue, the Court 'takes all the allegations in the complaint as true unless contradicted by the defendant's affidavit and may examine facts outside the complaint.'" *Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1094–95 (N.D. Ill. 2015) (internal citation omitted). The Court is both to construe all facts and draw all reasonable inferences in the plaintiff's favor. *Id*. at 1095 (citing *Faulkenberg*, 637 F.3d at 806). The Court is not obligated to limit its consideration to the pleadings, as it may consider the evidence the parties have presented, including the Arbitration Agreement. *Faulkenberg*, 637 F.3d at 806.

## DISCUSSION

As noted, the issue here is the accrual date of Plaintiff's hostile work environment claim. Defendant asserts that the action accrued at the time the hostile work environment standard was initially met and did not continue to accrue with subsequent acts. It is Rivian's position that Plaintiff's claims arose or "came into existence," when she first suffered the harassment in December 2021 and accrued at the time she began taking PSSL time in February 2022. (Doc. 32 at 9). Rivian cites *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 657 (7th Cir. 2001), to support that Title VII and IHRA claims arise "when the conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment." Rivian makes little mention of the April 13, 2022 groping incident

and considers it part of the overall hostile work environment claim, something which had allegedly fully accrued by February 2022.

Rivian discusses *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), a case Plaintiff identified as support for her position that a hostile work environment claim accrues at the time of the last act of sexual harassment. There, the Supreme Court considered whether an EEOC Charge of Discrimination had been timely filed within the allowed 300 days. The Court applied the continuing violation doctrine to the hostile work environment claim, finding the EEOC Charge timely even though some of the alleged misconduct had occurred more than 300 days before it was filed. *Morgan* found that "discrete" acts "such as termination, failure to promote, denial of transfer, or refusal to hire" were easy to identify, with the result that the filing deadline began to run as of the date of the incident. Hostile work environment claims were noted to be "different" as they involved repeated conduct. *Id.* at 115. As a result, the "unlawful employment practice" could not "be said to occur on any particular day." The Court went on to explain "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' which would be timely if filed within '300 days of any act that is part of the hostile work environment.'" *Id.* at 117-118 (citing 42 U.S.C. § 2000e–5(e)(1)).

Rivian cautions that *Morgan* should not be broadly applied here, as *Morgan* was decided in the context of a statute of limitations challenge. Rivian claims that *Morgan* merely holds that in a hostile work environment case, a claim that accrued prior and might otherwise be time-barred can be linked to later incidents "so long as the last actionable act falls within the statute of limitations." (Doc. 32 at 11). According to Rivian, *Morgan* does not hold that a hostile work

environment claim *accrues* on the last act of harassment, but rather, that an already accrued time-barred claim will be allowed if it can be linked to later, timely incidents. (Doc. 32 at 10). Rivian characterizes the continuing violation doctrine as an *exception* to accrual, applicable only in cases where a statute of limitations is at issue. It claims that if this were not the case, a claim would never accrue in the case of a plaintiff who remained employed and experienced continued harassment.

Rivian cites *In the Matter of Swift*, 129 F.3d 792, 796 (5th Cir. 1997), which discussed the difference between claims accrual and statutes of limitations. It explained that the dates of accrual and the starting date of a statute of limitations may not necessarily be the same, as statutes of limitation are subject to certain tolling provisions while accrual is not. The court explained that an action might have accrued but the statute of limitations not yet begun to run if the statute were tolled, as in the discovery rule applied in medical malpractice cases. This Court acknowledges this difference but does not find this distinction particularly illuminating as the decision in *Morgan* was based on accrual not tolling. The *Morgan* Court found that the claim was not complete until the last act which made up the hostile work environment claim; and only at that point did the statute of limitations begin to run. *See Laslie v. Cicero,* No. 20-1831, 2021 WL 1853250, at *8 (N.D. Ill. May 10, 2021) (identifying the continuing violation doctrine as one of accrual, not tolling).

Rivian makes scant mention of the April 13, 2022 groping incident, and apparently considers it part of the underlying hostile work environment claim. Rivian asserts that Plaintiff must also intend it as such as the incident is "plainly not severe or pervasive enough to stand as its own claim of actionable harassment." (Doc. 32 at 13 Fn.7) (citing *Mercer v. Cook Cty., Ill.*, 527 Fed. App'x 515, 520 (7th Cir. 2013) (finding eight separate incidents of alleged harassment

7

were not severe or pervasive enough to create a hostile work environment). Plaintiff, while

asserting that this incident was part of the hostile work environment claim, denies that this

incident "was not severe and pervasive enough to stand on its own." (Doc. 33 at 5. Fn.12). For its

part, the Court notes that *Mercer* may be distinguishable as the complained-of conduct was

mainly verbal in nature, with one episode of physical contact suggested to be merely accidental

and another, not sexual in nature. *Id*. at 522. This issue, however, is not before the Court and no

further analysis is undertaken.

Plaintiff responds that *Morgan* stands for the principle that the continuing violation

doctrine is applicable to employment discrimination cases. She asserts that Rivian's attempts to

limit its application to cases where the statute of limitations is at issue cannot stand, citing *Laslie*,

2021 WL 1853250. There, the court found that the continuing violation doctrine applied where

"it would be unreasonable to require or even permit [a plaintiff] to sue separately over every

incident of the defendant's unlawful conduct" because "[t]he injuries about which the plaintiff is

complaining...are the consequence of a numerous and continuous series of events." *Id*. at *8

(citing *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001)). *See id*. "When the continuing

violations doctrine applies, the incidents are lumped together, and 'the cause of action accrues

at...the date of the last injury.'" *Id*. at *8 (citing *Heard* at 319) ("But the usual and it seems to us

the correct characterization of the doctrine of continuing violation is that it is a doctrine

governing accrual, not a tolling doctrine, because we don't *want* the plaintiff to sue before the

violation is complete.") (emphasis in original).

The gravamen of *Morgan* is that a hostile work environment claim represents a

continuing violation which does not occur on a "particular day," and has not accrued as of the

date of the first offense. *Id*. at 115. This makes sense, as generally, a single incident of

harassment is not enough to support a hostile work environment claim[1]. A plaintiff must typically plead facts to support that the workplace was "permeated with 'discriminatory intimidation, ridicule, and insult . . . [and] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Scaife v. U.S. Dept. of Veterans Affairs*, 49 F.4th 1109, 1115 (7th Cir. 2022). Neither does the Court find that Plaintiff's action accrued when she started taking PSSL time as she returned to work in between times and allegedly suffered additional abuse.

While *Morgan* found that the continuing violation doctrine applied to a hostile work environment in the context of a filing deadline, the Court does not find that the ruling is limited to such cases. The Court is not troubled that *Morgan* did not particularly discuss accrual, as the takeaway is that a hostile work environment claim occurs over a period of time and cannot be characterized as having occurred on the date of the first incident. The Court finds this holding applicable to the case at hand.

For her part, Plaintiff cites the recent decision *in Oliveri v. Stifel, Nicolaus & Company, Inc*., No. 21-00046, 2023 WL 2740846 (E.D. N.Y. March 31, 2023), a case directly on point. There, on March 28, 2022, the court granted defendant's motion to dismiss, finding that the parties' arbitration agreement barred the plaintiff's discrimination suit. Plaintiff subsequently filed a Rule 60 Motion to Reconsider, asserting that defendants' ongoing retaliatory conduct and the March 3, 2022 enactment of the EFAA obviated the arbitration agreement. (Doc. 53 at 2-3). The court granted the Rule 60 motion and gave the plaintiff leave to file a second amended complaint to allege "ongoing and continuing post-EFAA conduct in furtherance of her hostile

---

[1] *See Hostetler v. Quality Dining, Inc.* 218 F.3d 798, 809 (7th Cir. 2000) (a single incident may be enough to establish a hostile work environment where it involved touching of a "physical, intimate, and forcible character.")

work environment" claims. *Id*. at \*5. The court found that the plaintiff's harassment claim was a continuing violation that continued to accrue even where some of the conduct had occurred before the enactment of the Act. *See id*. at \*10 (citing *Hauff v. State University of New York*, 425 F. Supp 3d. 116, 134 (E.D.N.Y. 2019) ("a hostile work environment claim does 'not accrue until the last act in furtherance of the allegedly discriminatory practice'"); *Rosen v. N.Y.C. Department of Education*, No. 18-cv-6670, 2019 WL 4039958, at \*5 (S.D.N.Y. Aug. 27, 2019) (finding the last act that "contributed to the hostile working environment" was the date the claim accrued).

Rivian responds that the *Oliveri* decision, currently on appeal, is not precedential authority for this Court. In addition, Rivian takes issue with *Oliveri's* characterization of the harassment as "continuing to accrue." Rivian asserts that *Oliveri* actually found that accrual was delayed through the last date of the harassment, rather than continuing to accrue. [Doc. 32 at 11 Fn.6). Rivian does not cite caselaw to support this distinction and the Court does not find it necessary to make such a distinction. Whether a delay or continuation of accrual, the misconduct continued, with the plaintiff having the opportunity to file suit at different points along the continuum; at the earliest time the misconduct reached the level of a hostile work environment, or later, while she was subjected to additional harassment.

It is notable that, while *Oliveri* cited *Morgan*, it did not limit it to cases involving a statute of limitations issue as Rivian would have us do here. While this decision from the District Court for the Eastern District of New York is not binding authority, the Court agrees with the analysis and rejects Rivian's attempts to limit *Morgan*.

The Court also finds unavailing, Rivian's invocation of the Federal Arbitration Act ("FAA"). Rivian asserts that the FAA codifies "a strong public policy in favor of upholding

arbitration provisions and requires courts to enforce agreements to arbitrate according to their terms." (Doc. 32 at 4) (citing *Compucredit Corp. v. Greenwood*, 565 U.S. 95, 97-88 (2012)). Rivian cites a number of cases that would otherwise require the Court to uphold the Arbitration Agreement. None of these cases, however, discuss the EFAA and all predate it.

The Plaintiff here has pled that she was subjected to sexual harassment and a hostile work environment which started in December 2021 and continued until she left her employment in April 2022. The alleged misconduct represents a continuing violation which was ongoing on the date the EFAA was enacted with the result that the Arbitration Agreement and joint-action waiver are nonenforceable.

The Court additionally denies Rivian's motion to the extent that it requests; that Plaintiff be required to arbitrate her claims, that the class claims be dismissed with prejudice, and that the jury demand be stricken. Rivian's motion to dismiss is denied in its entirety.

## CONCLUSION

For the reasons set forth above, Defendant Rivian's Motion for Leave to File a Reply (Doc. 35) is DENIED. Defendant's Motion to Compel Arbitration and Dismiss the Second Amended Complaint (Doc. 31) is also DENIED. The Court reserves ruling on Plaintiff's request for class certification, finding the request premature at this time. *See Buonomo v. Optimum Outcomes, Inc*., 301 F.R.D. 292, 295 (N.D. Ill. 2014) (finding it impractical to determine the sufficiency of the class allegations at the pleadings stage unless "the complaint will make it clear that class certification is inappropriate.") (internal citation omitted).

Signed on this 21st day of August, 2023.


   s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE