**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| ANGELA BETANCOURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:22-cv-01299-JES-JEH |
| | ) |
| RIVIAN AUTOMOTIVE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Rivian Automotive, LLC submits its answer and defenses to Plaintiff Angela

Betancourt's Second Amended Complaint as follows:

**NATURE OF THE CASE**

**COMPLAINT ¶1:**

Plaintiff brings this class action lawsuit against her former employer Rivian alleging sexual harassment in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/2-101, *et seq.* ("IHRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

**ANSWER:**

Defendant admits that Plaintiff purports to bring this putative class action claiming sexual

harassment in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IHRA")

and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

Defendant denies that Plaintiff was subjected to sexual harassment, or that it violated the

referenced statutes.  Defendant denies that Plaintiff is entitled to any relief whatsoever and

denies any remaining allegations in Paragraph 1.

97711473v.6

**COMPLAINT ¶2:**

As set forth herein, Rivian has knowingly permitted, and continues to foster, a hostile work environment within Defendant's Illinois facility, wherein female employees, including Plaintiff Angela Betancourt, are subjected to pervasive sexual harassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

The harassment includes, but is not limited to, male coworkers, team leaders, and managers making constant inappropriate verbal comments about female employees' bodies and describing what they would like to do to them sexually, showing them inappropriate pictures on their phones, cornering them in small places, and purposely trying to intimidate and grope them.

**ANSWER:**

Defendant denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

When female employees complain to Rivian about sexual harassment, Defendant often fails to take remedial action. Investigations of such complaints, if any, are inadequate and often drag on for months without resolution — all while the victimized employees may be required to continue working alongside their harassers.

**ANSWER:**

Defendant denies the allegations in Paragraph 4.

**COMPLAINT ¶5:**

Rivian fails to adequately train management on how to identify and address incidences of sexual harassment or monitor serial sexual harassers, instead permitting management to simply shuffle harassers around to different areas of the facility, thus giving them additional opportunities to continue harassing other female employees.

**ANSWER:**

Defendant denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Despite being on notice of pervasive sexual harassment within its Illinois facility, Rivian has failed to address or take meaningful steps to correct instances of harassment and the overarching corporate culture that enables such a hostile work environment.

97711473v.6

**ANSWER:**

Defendant denies the allegations in Paragraph 6.

## JURISDICTION AND VENUE

**COMPLAINT ¶7:**

On June 2, 2022, Plaintiff cross-filed a charge of sexual harassment and hostile work environment with the Illinois Department of Human Rights ("IDHR") and EEOC alleging class-wide violations of the Illinois Human Rights Act and Title VII.

**ANSWER:**

Defendant lacks knowledge or information or sufficient to form a belief as to the truth of

the allegations in Paragraph 7, and therefore denies the same.

**COMPLAINT ¶8:**

On June 17, 2022, Plaintiff requested to opt out of the investigation of her charge with the IDHR.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 8, and therefore denies the same.

**COMPLAINT ¶9:**

On June 28, 2022, the IDHR issued a Notice of opt out of the investigative and administrative process and right to commence a civil action consistent with Illinois law. **Ex. A.**

**ANSWER:**

Defendant admits that a Notice of Opt Out of the Investigative and Administrative

Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of

Competent Jurisdiction, and Order of Administrative Closure dated June 28, 2022 is attached to

the Second Amended Complaint as Exhibit A.  Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and

therefore denies the same.

**COMPLAINT ¶10:**

Plaintiff filed the instant action within the 90-day right to sue period.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 10, and therefore denies the same.

**COMPLAINT ¶11:**

On June 17, 2022, Plaintiff requested to opt out of the investigation of her charge with the
EEOC.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 11, and therefore denies the same.

**COMPLAINT ¶12:**

On December 6, 2022, the EEOC issued a Notice of Right to Sue, terminating its
processing of Plaintiffs charge and granting Plaintiff the right to pursue her claims in federal or
state court. Ex. B.

**ANSWER:**

Defendant admits that a Notice of Right to Sue (Issued on Request) dated December 6,

2022 is attached to the Second Amended Complaint as Exhibit B.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

12, and therefore denies the same.

**COMPLAINT ¶13:**

Plaintiff has amended her Complaint to include claims under Title VII within the 90-day
right to sue period.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 13, and therefore denies the same.

97711473v.6

**COMPLAINT ¶14:**

Plaintiff has therefore exhausted her administrative remedies under Title VII and the Illinois Human Rights Act and has complied with all conditions in maintaining this action.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

**COMPLAINT ¶15:**

Plaintiff is a citizen of Bloomington, Illinois.

**ANSWER:**

Upon information and belief, Defendant admits the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Defendant Rivian Automotive, LLC is a Delaware limited liability company. Rivian Automotive, LLC's sole member is Rivian, LLC.

**ANSWER:**

Defendant admits the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Rivian, LLC is a Delaware limited liability company. Rivian, LLC's sole member is Rivian Holdings, LLC.

**ANSWER:**

Defendant admits the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Rivian Holdings, LLC is a Delaware limited liability company. Rivian Holdings, LLC's sole member is Rivian Automotive, Inc.

**ANSWER:**

Defendant admits the allegations in Paragraph 18.

97711473v.6

**COMPLAINT ¶19:**

Rivian Automotive, Inc. is a Delaware corporation with its principal place of business in California.

**ANSWER:**

Defendant admits the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Accordingly, because the amount in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

**ANSWER:**

Defendant admits that this Court has jurisdiction over this action.  Defendant denies the

remaining allegations in Paragraph 20.

**COMPLAINT ¶21:**

The unlawful employment practices described herein were committed at Defendant's facility located at 100 North Rivian Motorway, Normal, McLean County, Illinois 61761. Accordingly, venue in the United States District Court for the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Defendant admits that venue is proper in this Court.  Defendant denies the remaining

allegations in Paragraph 21.

**THE PARTIES**

**COMPLAINT ¶22:**

Plaintiff, Angela Betancourt, is a resident of Bloomington, Illinois. Ms. Betancourt was employed by Rivian at its facility located at 100 North Rivian Motorway, Normal, McLean County, Illinois, as a Battery Team Member from about December 6, 2021, through about June 1, 2022. During the statutory period, Betancourt was an "employee," as defined by the IHRA and Title VII.

**ANSWER:**

Upon information and belief, Defendant admits that Plaintiff is a resident of

Bloomington, Illinois.  Defendant further admits that it employed Plaintiff as a Team Member in

97711473v.6

Battery at its facility located at 100 North Rivian Motorway, Normal, McLean County, Illinois from approximately November 18, 2021 to June 1, 2022, and that during the time of her employment with Rivian, she was an "employee" as that term is defined by the IHRA and Title VII.  Defendant denies any remaining allegations in Paragraph 22.

## COMPLAINT ¶23:

Defendant Rivian is a U.S.-based automobile manufacturer and automotive technology company in the business of designing and building electric vehicles. Rivian employs more than 10,000 employees nationwide, including approximately 6,000 employees at its Normal, Illinois facility. Rivian is an "employer," as defined in the IHRA and Title VII.

## ANSWER:

Defendant denies that there are approximately 6,000 employees at its Normal, Illinois facility.  Defendant admits the remaining allegations in Paragraph 23.

## COMPLAINT ¶24:

In the past few years, Rivian has experienced explosive growth and an extremely high demand for its products — growing from approximately 3,000 employees in 2020 to more than 10,000 employees in 2021 — and it continues to grow.

## ANSWER:

Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by "experienced explosive growth" or "extremely high demand for its products" and therefore denies these allegations.  Defendant admits the remaining allegations in Paragraph 24.

## COMPLAINT ¶25:

According to Forbes, Rivian climbed to the position of the world's third most valuable automobile manufacturer shortly after its initial public offering in 2021 with a market capitalization of approximately $150 Billion, ranking behind only Toyota and Tesla.

## ANSWER:

Defendant admits the allegations in Paragraph 25.

97711473v.6

## FACTUAL ALLEGATIONS

**COMPLAINT ¶26:**

Rivian's facility in Normal, Illinois consists of a majority male workforce.

**ANSWER:**

Defendant admits the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Throughout Plaintiff's employment with Rivian, she consistently performed her job satisfactorily and met Defendant's work performance expectations.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

Throughout Plaintiff's employment with Defendant, she was regularly subjected to unwanted sexual advances by several of her male coworkers, including, but not limited to, Danny (LNU), Francisco Bustamante, Mark (LNU), Keegan (LNU), and an engineer for Defendant (name unknown).

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff was regularly subjected to offensive and derogatory comments by her male coworkers, such as being asked where she liked to have sex, her favorite sexual positions, and being told that a male coworker was making bets that he could have sex with her.

**ANSWER:**

Defendant denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Plaintiff was regularly subjected to unwanted sexual advances by her male coworkers at work, such as pinching her sides, breathing down her neck, and showing her inappropriate sexual pictures and videos on their phones.

97711473v.6

**ANSWER:**

Defendant denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Plaintiff regularly used Paid Safe and Sick Leave ("PSSL") as a means of coping with the sexual harassment she was experiencing at work and avoiding further sexual harassment from her coworkers.

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Several of Plaintiff's Team Leads, as well as Human Resource ("HR") representatives, were aware that Plaintiff was using PSSL for this purpose.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

On or around April 13, 2022, one of Defendant's engineers (name unknown), walked up to Plaintiff and grabbed her work badge that was attached to the front of her waist, and proceeded to grope Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

Plaintiff's coworkers, Eddie (LNU), Will (LNU), and Maggie (LNU), witnessed this assault.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Plaintiff immediately reported the incident to one of the Group Leads, West (LNU).

97711473v.6

**ANSWER:**

Defendant denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

After reporting the incident to West, Plaintiff immediately left work early and sent a message via Slack to one of her Team Leads, Tyler Jeffrey, stating that she had left work early and that West could explain what happened.

**ANSWER:**

Defendant admits that, on April 13, 2022, Plaintiff sent a message via Slack to Group

Leader Tyler Jeffrey stating "I left for the day West will explain he said you were in meetings."

Defendant denies the remaining allegations in Paragraph 36.

**COMPLAINT ¶37:**

The next day, on or around April 14, 2022, Tyler Jeffrey moved Plaintiff to another work station; however, Plaintiff continued to encounter the engineer that assaulted her.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

For instance, he would unnecessarily walk up to Plaintiff's work station, talk to other coworkers around her, and make incessant eye contact with her.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

On April 15, 2022, Plaintiff filed a police report about the engineer sexually assaulting her at work.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 39, and therefore denies the same.

97711473v.6

**COMPLAINT ¶40:**

That same day, Stephen Moll, a Team Lead, messaged Plaintiff via Slack stating, "I have escalated this to our investigations team who will be going through their process now. *I know it may be difficult, but please do your best to report to work. Tyler said you are low on PSSL hours.*"

**ANSWER:**

Defendant admits that, on April 15, 2022, People Partner Stephen Moll sent a message to Plaintiff via Slack stating, "Hello Angela, thanks for your message. Please continue to pursue outside options as you see fit. [Mike Kulungowski] has been involved today as your People Partner, I was covering for him Tu-Th. I have escalated this to our investigations team who will be going through their process now. I know it may be difficult, but please do your best to report to work. Tyler said you are low on PSSL hours. I hope you are doing better today."  Defendant denies the remaining allegations in Paragraph 40.

**COMPLAINT ¶41:**

From April 14 through 20, 2022, Plaintiff continued to encounter the engineer that assaulted her at work.

**ANSWER:**

Defendant denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Due to the assault and continued exposure to the engineer that assaulted her, Plaintiff stopped going into work after April 20, 2022.

**ANSWER:**

Defendant admits that Plaintiff did not return to work after April 20, 2022.  Defendant denies the remaining allegations in Paragraph 42.

**COMPLAINT ¶43:**

Throughout her employment with Defendant, Plaintiff consistently reported the sexual harassment she experienced to several of her Team Leads, including, but not limited to, Jonathan Gladd, Stephen Moll, West (LNU), and Tyler Jeffrey.

97711473v.6

**ANSWER:**

Defendant denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Plaintiff also reported the sexual harassment she experienced to several members of management, including, but not limited to, Sean (LNU) and Brandon (LNU), two of the head managers of the Battery Department.

**ANSWER:**

Defendant denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Plaintiff also reported the sexual harassment she experienced to several HR representatives, including, but not limited to, Kathy Schell and Mike Kulungowski.

**ANSWER:**

Defendant admits that Plaintiff had discussions with ER Investigator Kathy Schell and

People Partner Mike Kulungowski.  Defendant denies the remaining allegations in Paragraph 45.

**COMPLAINT ¶46:**

Additionally, throughout Plaintiff's employment with Defendant, she consistently communicated with one of Defendant's Wellness Program Specialists, Marisa Burton, via Slack and provided her regular and detailed updates about the sexual harassment she was experiencing, as well as Defendant's failure to take appropriate corrective action.

**ANSWER:**

Defendant denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Plaintiff's working conditions were so intolerable that she did not return to work after April 20, 2022.

**ANSWER:**

Defendant admits that Plaintiff did not return to work after April 20, 2022.  Defendant

denies the remaining allegations in Paragraph 47.

97711473v.6

**COMPLAINT ¶48:**

Plaintiff has experienced emotional distress and anxiety as a result of the severe and pervasive sexual harassment she was subjected to while employed by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

Sadly, Plaintiffs experience at Rivian is not unusual for people working at that company. Plaintiff has knowledge of other women at Rivian who frequently experienced or continue to experience sexual harassment for which Defendant has actual or constructive knowledge, but fails to take adequate steps to prevent or remedy.

**ANSWER:**

Defendant denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

It is common knowledge that women are routinely sexually harassed at Defendant's facility with the knowledge of management, but without management making any real, substantive effort to correct it.

**ANSWER:**

Defendant denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

The common knowledge of pervasive incidents of sexual harassment, oftentimes in plain view, coupled with the lack of ability to obtain an appropriate response from the part of management, created a hostile work environment for all female employees.

**ANSWER:**

Defendant denies the allegations in Paragraph 51.

**COMPLAINT ¶52:**

As a result, although Defendant purports to prohibit sexual harassment and encourage employees to report it, Defendant in practice fails to properly investigate it, take appropriate remedial action, or otherwise take it seriously when it is reported.

**ANSWER:**

Defendant denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

In practice, Defendant refuses and fails to comply with its own purported policies governing sexual harassment so as not to lose certain male employees, even if they have a history of harassing female workers.

**ANSWER:**

Defendant denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

Defendant's failure to take comprehensive action to stop and prevent harassment at its Normal, Illinois facility signaled that harassment was permitted, and that managers and harassers would not be held accountable.

**ANSWER:**

Defendant denies the allegations in Paragraph 54.

**COMPLAINT ¶55:**

Upon information and belief, Defendant does not adequately train members of management on how to adequately handle or address complaints of sexual harassment.

**ANSWER:**

Defendant denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Upon information and belief, Defendant does not hold employees accountable for failing to properly follow Defendant's purported policies governing sexual harassment and/or properly handle sexual harassment complaints.

**ANSWER:**

Defendant denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Rivian's permissive culture when it comes to the mistreatment of women is not limited to the Normal, Illinois facility. For example, in 2021 Rivian's former Vice President of Sales and

Marketing, Laura Shwab, filed a lawsuit against Defendant for discrimination, claiming publicly that it has a "toxic bro culture that marginalizes women."

**ANSWER:**

Defendant admits that, in November 2021, its former VP of Sales and Marketing, Laura Schwab, filed a lawsuit against Rivian for gender discrimination and retaliation, and said in a post on the website medium.com that she "experienced a toxic bro culture that marginalizes women." Defendant denies the remaining allegations in Paragraph 57.

**COMPLAINT ¶58:**

Schwab also stated publicly that she "raised concerns to HR about the gender discrimination from my manager, the `boys club' culture, and the impact that it was having on me, my team, and the company," and described how she was fired two days later.

**ANSWER:**

Defendant admits that Schwab's post on the website medium.com said "I raised concerns to HR about the gender discrimination from my manager, the 'boys club' culture, and the impact it was having on me, my team, and the company. Two days later, my boss fired me." Defendant denies any remaining allegations in Paragraph 58.

**COMPLAINT ¶59:**

The regular harassment, and Defendant's failure to stop it, caused female employees at the Normal, Illinois facility to suffer emotional distress, humiliation, indignity, embarrassment, and anxiety.

**ANSWER:**

Defendant denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

In the Normal, Illinois facility, Defendant's consistent failure to investigate or take appropriate remedial action with respect to complaints of sexual harassment has fostered a hostile work environment in violation of the IHRA and Title VII.

**ANSWER:**

Defendant denies the allegations in Paragraph 60.

97711473v.6

**COMPLAINT ¶61:**

Rivian's unprecedented growth and extremely high demand for labor has caused Defendant to employ and retain employees that otherwise would have been terminated by any other responsible company — including men who sexually harass women — putting profits over the well-being and safety of Illinois workers, particularly females.

**ANSWER:**

Defendant denies the allegations in Paragraph 61.

**COMPLAINT ¶62:**

As a result of the above, Plaintiff and the other Class members have been subjected to sexual harassment in violation of the IHRA and Title VII.

**ANSWER:**

Defendant denies the allegations in Paragraph 62.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶63:**

Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of a Class defined as:

> **All current and former female employees of Defendant who worked at Defendant's facility located at 100 Rivian Motorway, Normal, Illinois from August 6, 2021, through the date of trial.**

Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action pursuant to Rule 23 of the

Federal Rules of Civil Procedure, but denies that class action treatment is appropriate, denies that

the defined Class is appropriate and denies any remaining allegations in Paragraph 63.

**COMPLAINT ¶64:**

This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

97711473v.6

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action pursuant to Rule 23 of the

Federal Rules of Civil Procedure, but denies that class action treatment is appropriate, denies that

the defined Class is appropriate and denies any remaining allegations in Paragraph 64.

**COMPLAINT ¶65:**

**Numerosity — Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are not less than hundreds of Class members, the precise number of Class members is unknown to Plaintiff, but may be ascertained from Rivian's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

**ANSWER:**

Defendant denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

**Commonality and Predominance — Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.      Whether Rivian engaged in the conduct alleged herein;

b.      Whether Rivian's alleged conduct violates applicable law;

c.      Whether a hostile work environment existed at Defendant's Normal, Illinois facility;

d.      Whether Defendant exercised reasonable care to prevent a sexually hostile work environment;

e.      Whether Defendant was on actual or constructive notice of a hostile work environment at the Normal, Illinois facility;

f.      Whether Defendant failed to implement adequate procedures to train managers and employees in preventing sexual harassment;

g.      Whether Defendant failed to implement adequate procedures to investigate and remedy sexual harassment complaints;

h.      whether Class members are entitled to damages, restitution, restitutionary disgorgement, equitable relief, statutory damages, exemplary damages, and/or other relief; and

i.      the amount and nature of relief to be awarded to Plaintiffs and the other Class members.

**ANSWER:**

Defendant denies the allegations in Paragraph 66, including each of its subparts (a)-(i).

**COMPLAINT ¶67:**

**Typicality — Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and each of the other Class members suffered damages as a direct and proximate result of the same wrongful practices in which Rivian engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members.

**ANSWER:**

Defendant denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

**Adequacy of Representation — Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Class that she seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

**ANSWER:**

Defendant denies the allegations in Paragraph 68.

**COMPLAINT ¶69:**

**Declaratory and Injunctive Relief — Federal Rule of Civil Procedure 23(b)(2).** Rivian has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

**ANSWER:**

Defendant denies the allegations in Paragraph 69.

97711473v.6

**COMPLAINT ¶70:**

**Superiority — Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Rivian, so it would be impracticable for Class members to individually seek redress for Rivian's wrongful conduct. Even if Class members could afford litigation the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**ANSWER:**

Defendant denies the allegations in Paragraph 70.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT
**(Sex Discrimination — Sex Harassment and Hostile Work Environment)**

**COMPLAINT ¶71:**

Plaintiff restates and incorporates Paragraphs 1 through 70, as though fully set forth herein.

**ANSWER:**

Defendant reasserts and incorporates by reference its answers to Paragraphs 1-70 above

as its answer to Paragraph 71 of this Count I.

**COMPLAINT ¶72:**

The IHRA makes it a civil rights violation for any employer, employee, or agent of any employer to engage in sexual harassment of its employees. 775 ILCS 5/2-102(D).

**ANSWER:**

Defendant admits that Section 5/2-102(D) of the IHRA provides that "It is a civil rights

violation . . . [f]or any employer, employee, agent of any employer, employment agency or labor

organization to engage in sexual harassment; provided, that an employer shall be responsible for

sexual harassment of the employer's employees by nonemployees or nonmanagerial and

nonsupervisory employees only if the employer becomes aware of the conduct and fails to take

reasonable corrective measures." Defendant denies any remaining allegations in Paragraph 72.

**COMPLAINT ¶73:**

"Sexual harassment" is defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when: (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. 775 ILCS 5/2-101(E).

**ANSWER:**

Defendant admits that Section 5/2-101(E) of the IHRA provides that "'Sexual

harassment' means any unwelcome sexual advances or requests for sexual favors or any conduct

of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a

term or condition of an individual's employment, (2) submission to or rejection of such conduct

by an individual is used as the basis for employment decisions affecting such individual, or (3)

such conduct has the purpose or effect of substantially interfering with an individual's work

performance or creating an intimidating, hostile or offensive working environment." Defendant

denies any remaining allegations in Paragraph 73.

**COMPLAINT ¶74:**

Plaintiff and each of the other Class members were sexually harassed under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 74.

**COMPLAINT ¶75:**

An employer is responsible for sexual harassment of its employees by nonmanagerial and nonsupervisory employees if it becomes aware of the conduct and fails to take reasonable corrective measures. 775 ILCS 5/2-102(D).

97711473v.6

**ANSWER:**

Defendant admits that Section 5/2-102(D) of the IHRA provides, in part, that "an employer shall be responsible for sexual harassment of the employer's employees by nonemployees or nonmanagerial and nonsupervisory employees only if the employer becomes aware of the conduct and fails to take reasonable corrective measures."  Defendant denies any remaining allegations in Paragraph 75.

**COMPLAINT ¶76:**

Defendant was aware of sexual harassment conduct by its employees and failed to take reasonable corrective measures, thus violating the IHRA with respect to Plaintiff and each of the other Class members.

**ANSWER:**

Defendant denies the allegations in Paragraph 76.

**COMPLAINT ¶77:**

An employer is strictly liable for sexual harassment of its employees by managerial or supervisory employees.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "strictly liable," and therefore denies the allegations in Paragraph 77.

**COMPLAINT ¶78:**

For the violations identified herein, Plaintiff and the other Class members are entitled to recover actual damages and attorneys' fees and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 78.

97711473v.6

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Sexual Harassment and Hostile Work Environment)

**COMPLAINT ¶79:**

Plaintiff restates and incorporates Paragraphs 1 through 70, as though fully set forth herein.

**ANSWER:**

Defendant reasserts and incorporates by reference its answers to Paragraphs 1-70 above

as its answer to Paragraph 79 of this Count II.

**COMPLAINT ¶80:**

Title VII makes it unlawful for any employer, employee, or agent of an employer to discriminate on the basis of sex.

**ANSWER:**

Defendant admits that Section 2000e-2(a)(1) of Title VII provides that "It shall be an

unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any

individual, or otherwise discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex, or national origin."  Defendant denies any remaining allegations in Paragraph 80.

**COMPLAINT ¶81:**

Under Title VII, employers may not "discriminated against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's...sex." 42 U.S.C § 2000e-2(a)(1).

**ANSWER:**

Defendant admits that Section 2000e-2(a)(1) of Title VII provides that "It shall be an

unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation,

97711473v.6

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  Defendant denies any remaining allegations in Paragraph 81.

## COMPLAINT ¶82:

At all times relevant to this action, Plaintiff and the other Class members were "employees" within the meaning of Title VII. *See* 42 U.S.C § 2000e(f).

## ANSWER:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies the same.

## COMPLAINT ¶83:

At all times relevant, Defendant was the "employer" of Plaintiff and the other Class members within the meaning of Title VII. *See* 42 U.S.C § 2000e(b).

## ANSWER:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies the same.

## COMPLAINT ¶84:

Discrimination under Title VII includes harassment in the workplace.

## ANSWER:

Defendant admits that harassment that is so severe or pervasive that it rises to the level of a legally actionable hostile work environment can be a form of discrimination under Title VII. Defendant denies the remaining allegations in Paragraph 84.

## COMPLAINT ¶85:

Title VII prevents disparate treatment of employees in the workplace, which includes protecting individuals from discriminatory, hostile, and abusive work environments.

## ANSWER:

Defendant admits that Section 2000e-2(a)(1) of Title VII provides that "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any

individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  Defendant denies any remaining allegations in Paragraph 85.

**COMPLAINT ¶86:**

Hostile work environment claims under Title VII require a plaintiff to show that she was subjected to unwelcome conduct on account of her sex that was severe and pervasive as to alter the conditions of her employment and create a hostile working environment.

**ANSWER:**

Defendant admits that Paragraph 86 describes some elements of a plaintiff's burden to establish a hostile work environment claim, but denies that it describes a plaintiff's entire burden to establish a hostile work environment claim.  Defendant denies any remaining allegations in Paragraph 86.

**COMPLAINT ¶87:**

Employers are responsible for harassment by the employer's nonmanagerial and nonsupervisory employees if the employer becomes aware of the conduct and fails to take reasonable corrective measures.

**ANSWER:**

Defendant denies the allegations in Paragraph 87.

**COMPLAINT ¶88:**

Plaintiff and the other Class members were sexually harassed under Title VII.

**ANSWER:**

Defendant denies the allegations in Paragraph 88.

**COMPLAINT ¶89:**

Defendant was aware of sexual harassment conduct by its employees and failed to take reasonable corrective measures, thus violating Title VII with respect to Plaintiff and each of the other Class members.

**ANSWER:**

Defendant denies the allegations in Paragraph 89.

**COMPLAINT ¶90:**

The sexual harassment that Plaintiff and the other Class members experienced created a hostile work environment.

**ANSWER:**

Defendant denies the allegations in Paragraph 90.

**COMPLAINT ¶91:**

Plaintiff reported the sexual harassment to several supervisory level employees, putting Defendant on notice of the repeated abuse and hostile work environment.

**ANSWER:**

Defendant denies the allegations in Paragraph 91.

**COMPLAINT ¶92:**

Defendant is liable for the sexual harassment and hostile work environment that Plaintiff and the other Class members experienced due to Defendant's failure to remedy pervasive harassment after becoming aware of it.

**ANSWER:**

Defendant denies the allegations in Paragraph 92.

**COMPLAINT ¶93:**

For the violations identified herein, Plaintiff and the other Class members are entitled to recover actual damages and attorneys' fees and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 93.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Angela Betancourt, individually and on behalf of the other Class members, respectfully requests that this Court enter judgment in her favor and against Defendant Rivian Automotive, LLC as follows:

97711473v.6

(a)     Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

(b)     Awarding injunctive and other equitable relief as necessary to protect the interests of the Class;

(c)     Awarding compensatory and all other damages allowed under the IHRA and Title VII, to each Class members whose IHRA rights were violated;

(d)     Awarding Plaintiff and the other Class members their reasonable litigation expenses and attorneys' fees and costs;

(e)     Awarding Plaintiff and the other Class Members pre- and post judgment interest, to the extent allowable by the law; and

(f)     Awarding any further relief that is deemed just and equitable.

**ANSWER:**

Defendant denies that Plaintiff is entitled to any of the relief set forth in her Request for

Relief.  Defendant further denies that any individuals are similarly situated to Plaintiff for

purposes of class action treatment.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

**ANSWER:**

Defendant admits that Plaintiff requests a trial by jury, but denies any wrongdoing and

denies that Plaintiff is entitled to any relief whatsoever.

97711473v.6

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### **First Defense**

To the extent Plaintiff's claims (and the claims of any individual Plaintiff seeks to represent or who may subsequently join this action) are based on acts or omissions that occurred prior to any applicable statute of limitations, those claims are time-barred.

### **Second Defense**

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of her claims, such claims are barred.

### **Third Defense**

To the extent Plaintiff alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant.  Thus, Defendant is not liable for any such conduct, if it occurred.

### **Fourth Defense**

Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff (or any individual Plaintiff seeks to represent or who may subsequently join this action), a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

97711473v.6

**Fifth Defense**

Plaintiff's claims (and the claims of any individual Plaintiff seeks to represent or who may subsequently join this action) are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory, retaliatory, or harassing behavior, and Plaintiff (or any individual Plaintiff seeks to represent or who may subsequently join this action) unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

**Sixth Defense**

Plaintiff's claims (and the claims of any individual Plaintiff seeks to represent or who may subsequently join this action) may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or after-acquired evidence.

**Seventh Defense**

Plaintiff's claims (and the claims of any individual Plaintiff seeks to represent or who may subsequently join this action) are barred, in whole or in part, by the doctrine of unclean hands and/or because their damages, if any, were caused by their own acts or omissions.

**Eighth Defense**

To the extent Plaintiff (or any individual Plaintiff seeks to represent or who may subsequently join this action) failed to mitigate their alleged damages, their recovery, if any, must be reduced accordingly.

**Ninth Defense**

Plaintiff (or any individual Plaintiff seeks to represent or who may subsequently join this action) are not entitled to punitive damages because Defendant made good faith efforts to comply with Title VII, the IHRA and all other applicable laws.

97711473v.6

### Tenth Defense

To the extent any putative class member's sexual harassment claim arose or accrued before March 3, 2022, her participation in the class, litigation of her claims in this Court, and request for jury trial are barred by her arbitration agreement.

### Eleventh Defense

Plaintiff's alleged claims cannot be certified for class-wide adjudication under Fed. R. Civ. P. 23 to the extent that such adjudication would enlarge, modify or abridge any substantive right placed at issue in this case, in violation of the Rules Enabling Act, 28 U.S.C § 2072.

### Twelfth Defense

Plaintiff's alleged claims cannot be certified for class-wide adjudication under Fed. R. Civ. P. 23 to the extent that such adjudication would deprive Defendant of its legal right to present every available defense to the asserted claims, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

### Thirteen Defense

Plaintiff's alleged claims cannot be certified for class-wide adjudication under Fed. R. Civ. P. 23 to the extent that such adjudication would call for multiple jury trials, in violation of the Seventh Amendment to the U.S. Constitution.

### Fourteenth Defense

To the extent Defendant was not the "employer" of a putative class member, Defendant is not liable for such putative class member's claim under Title VII or the IHRA.

### Fifteenth Defense

To the extent any putative class member was not an "employee" of Defendant, Defendant is not liable for such putative class member's claim under Title VII or the IHRA.

97711473v.6

Defendant reserves the right to assert any additional defenses depending on any evidence discovered in pursuit of this litigation.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Second Amended Complaint in its entirety and award Defendant its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

**DATED:  September 15, 2023**              Respectfully submitted,

                                            RIVIAN AUTOMOTIVE, LLC,


                                            By: */s/ Sharilee K. Smentek*_____

Katherine Mendez
Matthew J. Gagnon
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
        mgagnon@seyfarth.com
        ssmentek@seyfarth.com

*Attorneys for Defendant Rivian Automotive, LLC*

30

## <u>CERTIFICATE OF SERVICE</u>

I, Sharilee K. Smentek, an attorney, certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

*/s/ Sharilee K. Smentek*

97711473v.6